## AETNA CASUALTY CO. v. LEE

(April 29, 1929. Opinion and Decree.)
(May 27, 1929. Rehearing Refused.)

St. Clair Adams, Jr., of New Orleans, attorney for plaintiff, appellant.

Marion Seeber, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff, an insurance company, issued a policy of collision insurance to one, Carl S. Kennedy. This policy provided that in the event of damages to Kennedy's car by collision the company would pay to him the amount of such damage. When Kennedy's automobile was damaged as a result of a collision with the automobile, owned and driven by defendant, plaintiff company paid to Kennedy the amount of his loss, $175, and, after being subrogated to all of Kennedy's rights against Lee, filed this suit to recover from Lee, the amount which it had paid to Kennedy.

The accident occurred on the corner of Decatur Street and Esplanade Avenue.

Kennedy's car was being driven on the upper side of Esplanade Avenue towards the river. Defendant's car was being driven up Decatur Street, across Esplanade Avenue, Kennedy contends that about a half block before he reached the intersection he saw Lee's car on the other side of Esplanade Avenue, it having, at that time, not yet entered the other driveway, and, that he assumed that Lee would stop before entering the other driveway or, at least, slow up and then stop on the neutral ground before crossing the driveway on which his, Kennedy's car, was approaching. He claims that he based this assumption on the fact that such action was required by the provisions of Ordinance No. 7490, being the Traffic Ordinance of New Orleans. He further states that when his car had reached the intersection and was about half way across, that Lee's car dashed across the neutral ground at a very fast rate of speed and crashed into the left rear portion of his car.

Lee claims, and his testimony is corroborated by his wife, who was riding with him, that he stopped before crossing the lower side of Esplanade and that again, when he was on the neutral ground, he stopped and blew his horn and that he saw no vehicle except Kennedy's car, which, at that time, was about a half block away and approaching at a speed of about 25 miles an hour. That he then slowly proceeded to cross the upper roadway of Esplanade Avenue on his way up Decatur Street. That when he was in the roadway and about half way across, noticing Kennedy coming at a very fast speed, he came to a dead stop but that Kennedy in an effort to dash around the front of his car, side-swiped him, the left side of Kennedy's car striking the front of his car.

There seem to have been no other eye witnesses to the accident itself, but there were witnesses who came up almost immediately afterwards and who have thrown considerable light on the question of how the accident happened, by testifying as to the position in which the two cars were found after the occurrence. These witnesses were Wallace R. Cupsten, a traffic officer, and H. Sandrock, an employee of an automobile company, who happened to be passing a few minutes after the accident.

According to these witnesses, and their testimony is not contradicted, after the accident the Kennedy car, which it will be remembered had been proceeding along Esplanade Avenue, was found turned over on its side, on the uptown river corner sidewalk, with its front end facing towards the neutral ground of Esplanade Avenue and with its rear end partially in Decatur Street. The Lee car was facing up Decatur Street, slightly at an angle and the front was jammed into the left side of the Kennedy car.

It seems absolutely impossible that Lee's story of the accident can be the correct one. Because if his car stopped in the roadway and was struck while stopped, we cannot understand how it was later on found with its front jammed against the left side of the Kennedy car, and partially in Decatur Street, nor can we understand how the Kennedy car, even conceding that it was attempting to curve around the front of the Lee car, could with its left side have side-swiped the Lee car and then pulled both of them near to the sidewalk into the position in which they were found. We think it manifest that Lee was greatly at fault and that he dashed headlong into the side of the Kennedy car as it was crossing the intersection.

We now come to the question of whether or not plaintiff can recover, even though

Lee was, as we have stated, at fault. It is contended that Kennedy was negligent in that he admits he was driving at a speed of about 25 miles an hour, which, it is contended, was violative of art. 2, section 1, subsection "a" of the Traffic Ordinance, referred to above. This article reads as follows:

"FIFTEEN-MILE ZONE. Within the area bounded by the River, Howard Avenue, North and South Rampart Streets and Esplanade Avenue, also around Lee Circle, Claiborne Circle and Desaix Circle, and all curves and circles in streets and thoroughfares not affected by Sub-Paragraph (2) Paragraph 2 of this Article. No vehicle shall be driven at a greater speed than fifteen (15) miles per hour, excepting on Camp Street, Carondelet Street, Magazine Street, South Peters Street, St. Charles Street and Tchoupitoulas Street, where a maximum speed of twenty (20) miles an hour shall be permissible."

We are asked to hold that the fifteen-mile zone created by that article includes Esplanade Avenue and that, therefore, since Kennedy was on Esplanade Avenue, he was within the fifteen-mile zone and therefore, his speed of twenty-five miles was a violation of the ordinance. It seems to us that whether or not Esplanade Avenue, being one of the boundaries mentioned should be included in or excluded from the zone is of no great importance because it does not appear to us that the speed at which the Kennedy car was being driven was a contributing factor to the accident. It should be remembered that his car was run into from the side by the Lee car and we do not believe that the fact that the Kennedy car was going 25 miles per hour instead of 15 had any causal connection with the subsequent happening.

So far as the amount of damage is concerned the evidence is very meagre but there is sufficient to substantiate the claim of plaintiff.

For the reasons assigned, the judgment appealed from is therefore, annulled, avoided and reversed and it is now ordered that there be judgment in favor of plaintiff and against defendant in the full sum of $175 with legal interest from judicial demand and for all costs.