PHILIP SCHICK & SONS v. PIXLEY

(June 8, 1931.   Opinion and Decree.)
(July 1, 1931.   Rehearing Refused.)
(October 6, 1931.   Writs of Certiorari and
Review Refused by Supreme Court.)

Beard & O'Keefe and C. A. Peyronnin, of New Orleans, attorneys for plaintiffs and appellant, appellee.

Deutsch & Kerrigan and Bert Flanders, Jr., of New Orleans, attorneys for defendant and appellee, appellant.

WESTERFIELD, J.   This suit results from a collision between a motortruck belonging to plaintiff and a Dodge automobile belonging to defendant.   The accident occurred at the intersection of Poydras street and South Claiborne avenue.   Plaintiffs sue for damages to their truck in the sum of $145, and the defendant reconvenes, claiming $123.85 as damages sustained by his Dodge car as a result of the accident.   There was judgment below dismissing both the main and reconventional demands.   Both parties have appealed.

The usual conflicting testimony concerning the speed of the colliding vehicles is found in the record, but certain facts, which we deem important, do not appear to be in controversy.   The Dodge, which was being driven by Mrs. Pixley, the wife of defendant, on South Claiborne avenue, collided with the truck, which was going out Poydras street in the direction of the Mississippi river, at a point just about abreast of the property line on the uptown river corner.   It is charged in the petition and conceded by Mrs. Pixley that she pro-

ceeded to cross the intersection of Poydras street and Claiborne avenue without stopping and at a speed estimated by some at 30 miles per hour, and admitted by Mrs. Pixley to be between ten and fifteen miles per hour.

Subparagraph (d) of article 1 of the Traffic Ordinance No. 7490, C. C. S., provides:

"(d) On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have right-of-way to complete the crossing of the roadway of such street or avenue under the following conditions:
"Provided the vehicles shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."

Defendant contends that Poydras street is not a street "having neutral ground and carrying street car lines." In this we believe he is mistaken. The center of the street is paved, and does not have the customary grass plot, trees, or shrubbery which is usually found on neutral grounds, nor are there any street car lines, but there are steel rails used by steam cars. We see no reason to exempt Poydras street from the provisions of the ordinance relating to neutral ground streets It is also contended that, even though Poydras street, may be considered a neutral ground street, the ordinance is not susceptible of a construction which would require an automobile leaving the neutral ground to stop or signal before entering the intersecting street. We have held the contrary. Fisse v. Toye Bros. et al., 14 La. App. 70, 127 So. 756; Bannon v. Picou, 15 La. App. 511, 132 So. 390; Mrs. Tarleton-Gaspard v. Malochee et al., 16 La. App. 527, 133 So. 409.

Finally, it is contended that, if Mrs. Pixley's conduct be considered a violation of the ordinance, it in no way contributed to the accident. Aetna Casualty Co. v. Lee, 10 La. App. 763, 123 So. 137. Mrs. Pixley says she did not see the truck at all, and the driver of the truck did not testify because of the fact that he died before the trial of the case. However, an occupant of the driver's seat did testify that he did not see or hear Mrs. Pixley. We are satisfied that Mrs. Pixley's failure to stop, and/or signal was the cause of the collision, because each driver would have been conscious of the proximity of the other if the ordinance had been observed. Mrs. Pixley would have seen the truck and the truck driver would have heard Mrs. Pixley.

On the question of quantum, it is contended that the proof is insufficient to justify an award. However, it seems to us that plaintiff has sufficiently proven damages to the extent of $103.05, for which amount we believe judgment should be rendered.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that there be judgment in favor of plaintiff, Philip Schick & Sons, and against defendant, R. B. Pixley, in the sum of $103.05. It is further ordered that the reconventional demand of R. B. Pixley be, and the same is hereby, dismissed.