No. 2199

Second Circuit

---

GASCON v. RANKIN

---

(April 10, 1926, Opinion and Decree)
(June 2, 1926, Rehearing Refused)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest — Automobiles — Par. 4 (a), 4 (b).**

Where one drives an automobile around a street corner so as to make it impossible to avoid an accident, the act of

driving this automobile in such a manner was the proximate cause of the collision and consequently the owner is liable for the damage done.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. J. H. Stephens, Judge.

Action by R. L. Gascon against S. R. Rankin. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. Overton Brooks, of Shreveport, attorney for plaintiff, appellee.

Alex F. Smith, of Shreveport, attorney for defendant, appellant.

WEBB, J. In this action plaintiff seeks to recover judgment against defendant, S. R. Rankin, in the sum of four hundred and seventy-three and 75-100 dollars, for repairs to an automobile amounting to the sum of two hundred and sixty-three and 75-100 dollars, and loss of the use of the car, two hundred and ten and 00-100 dollars, damages alleged to have been sustained by reason of a collision between plaintiff's automobile, while being driven by his wife, and an automobile belonging to and being driven by defendant.

The collision occurred on Edwards street, which intersects Texas street at right angles, and the facts upon which plaintiff based his right to recover are alleged as follows:

"That * * * Mrs. R. L. Gascon, the wife of your petitioner, was driving down Edwards street * * * moving toward and approaching Texas street; that she was proceeding in said automobile * * * on her own right hand (side of the street) * * * slowly and cautiously * * with due regard to the right of others * * * and that defendant was driving out of Texas street into Edwards * * * and that he did not make a proper turn from Texas street into Edwards street, but drove his automobile far across the center line * * * of Edwards street * * which was on his own left hand and that he drove his automobile far in excess of the * * * speed allowed by law, and at such rate of speed that he violated the ordinances of the city of Shreveport * * * relative to the rate of speed allowed vehicles running on such highways; that in driving his automobile * * * across the center line of Edwards street, and in driving at the rate of speed which he was * * * defendant was careless, reckless and negligent and exercised no regard for the rights of others upon the highway and that defendant carelessly, recklessly and negligent drove his automobile into petitioner's automobile at said time and place, etc."

The defendant answered, admitting the collision, denying negligence, and alleged the collision was due solely to the fault and negligence of Mrs. Gascon, who was driving in a careless, negligent and illegal manner, on the wrong side of the street; and, in the alternative, in the event it should be held that defendant was negligent, and that his negligence contributed to the accident, then, he alleges that Mrs. Gascon was also negligent and her negligence was concurrent with that of defendant and contributed to the accident.

Defendant also reconvened for the amount paid out for repairs on his car.

On trial, judgment was rendered in favor of the plaintiff for the sum of two hundred and sixty-three and 65-100 dollars, the amount alleged to have been due for repairs, and defendant appeals.

Plaintiff has answered the appeal and asked that the judgment be amended so as

to allow for the amount claimed for the loss of the use of the automobile, and, as amended, affirmed.

## OPINION

While the testimony is conflicting in many respects, we find the evidence establishes that at the time of the accident the streets were slippery; that the defendant, who had been driving on the right side (east) of Texas street, turned south into Edwards street at an approximate rate of speed of ten or twelve miles per hour; as he turned into Edwards street (which was forty-five feet in width from curb to curb) he observed the automobiles parked parallel with the curb on both sides of the street and at an approximate distance of twenty or thirty feet below the intersection, and on his left, there was a wagon parallel with the automobiles parked on that side, and next to and partially parallel with the wagon the plaintiff's automobile being driven by Mrs. Gascon at a speed of five or six miles per hour, and next to and between plaintiff's automobile and the automobile parked next to the curb on the right of the street, there was an open space.

None of the witnesses testified directly as to the width of this open space, that is, whether or not it was of sufficient width to permit an automobile to pass, and if this is a necessary fact to be determined, we would say that the evidence does not sufficiently establish the fact, and the presumption would be against the party who may have the burden of proof to show, either, that it was, or was not, of sufficient width for an automobile to have passed; but we do not deem it necessary to determine this fact, as the evidence does not establish that the open space was not of sufficient width for the defendant to have

driven his car through, considering the manner in which he came into the street, that is, at an angle of about forty-five degrees, and at such speed as would not permit him to have avoided collision with any object which barred the way when such object was within twenty or thirty feet of the intersection.

The conclusion which we draw from the evidence is that when defendant turned into Edwards street, the collision was inevitable, and this is confirmed by the evidence which shows that Mrs. Gascon and defendant realized the situation about the same time each making a vain attempt to avoid the collision, Mrs. Gascon by trying to get her car nearer to or behind the wagon, and defendant by attempting to check the speed of his car by the application of the brakes.

The defendant, as stated, claims that he was not negligent and charges the fault to the driver of plaintiff's car in that she had driven the car partially, at least, over to her left of the center of the street, and, in the alternative, if her act was not the proximate cause of the collision, it was a contributing cause.

We are of the opinion the act of the defendant in turning into the street in such manner (whether due to the rate of speed or to the angle at which he came into the street) as rendered it impossible for him to avoid collision with an object on the street, into which he turned, at a distance of twenty or thirty feet below the intersection, shows he was not operating his car with ordinary care.

Defendant had no legal reason to presume that the street into which he turned would be clear to his right of the center; nor was the driver of the plaintiff's car

a trespasser on the street by reason of the fact of having placed the car in which she was driving partially over on the left of the center of the street; but if it could be said that the driver of defendant's car was negligent by reason of the facts stated, it appears her negligence was prior in time to that of the defendant, and not concurrent; the situation existed at the time defendant turned into the street, and we are of the opinion that the proximate cause of the collision was the negligence of the defendant. (R. C. L., Negligence, vol. 20, No. 113.)

On the motion to amend, that record indicates that the plaintiff's car was used by his wife who is not shown, however, to have been engaged in any business, and the plaintiff states the loss of the use of the car was worth ten dollars per day, which is also supported by a like statement of the mechanic who repaired the car.

We have no doubt the wife of defendant was inconvenienced by not having the car at her disposal, but we are unable to accept the statements as indicating the monetary loss of such inconvenience.

The judgment is affirmed.