No. 3984

Second Circuit

(Second Division)

ARMOUR & CO., LTD., v. HICKS CO., LTD.

(January 14, 1932. Opinion and Decree.)

Jackson & Smith, of Shreveport, attorneys for plaintiff, appellee.

Chris Barnett and M. T. Monsour, of Shreveport, attorneys for defendant, appellant.

CULPEPPER, J. Plaintiff, Armour & Company, Ltd., brought this action to recover of defendant, Hicks Company, Ltd., $413.97 as damages to plaintiff's truck and

$350 for the loss of the use of the truck while being repaired, resulting from a collision between said truck and a truck belonging to defendant, on December 21, 1928, at the intersection of Lake and Spring streets in the city of Shreveport.

The two trucks were being driven at the time by hired colored truck drivers.

Plaintiff alleges that the collision and resulting damages was due solely to the gross fault and negligence of defendant's driver. Defendant denies any negligence whatever on its part and avers that the accident was caused wholly by the gross negligence of the driver of the plaintiff's truck.

There was judgment for plaintiff for $413.97, the amount claimed as damages to its truck, but the claim for loss of use of the truck was rejected. Defendant appealed and plaintiff has answered the appeal praying that the judgment be amended so as to cover the full amount sued for.

Spring and Lake streets intersect at right angles near the approach to the traffic bridge connecting Shreveport and Bossier City. This approach constitutes a street or roadway running out of said street intersection, and cutting through the east or southeast corner of the two streets mentioned; thence runs to the foot of the bridge. This approach, and the two named streets, according to the plats filed in evidence, are approximately the same width, which from the testimony of certain witnesses, is about fifty feet. A white line marked off by the municipal authorities of the city for the guidance of traffic ran down the center of the street or roadway coming away from the bridge and, entering the intersection, ran to and intersected another similar white line which ran along the center of Lake street across the intersection.

All traffic coming from Bossier City over the bridge and entering Shreveport was supposed, under the traffic rules and rules of the road, to keep to the right of the white line when going out Lake street.

On the occasion of the accident plaintiff's truck was being driven south on Spring street, across the intersection, keeping to the right side of the center line of that street. Defendant's truck had just crossed the traffic bridge from Bossier City and was negotiating the intersection from that direction and intending to cross Spring and proceed out Lake street. For this truck to have kept to its right side of the white traffic line, it would have been necessary to make a considerably larger and longer curve, through the intersection, than it would have to make by leaving the right side of the traffic line and cutting over on the left side of the line, then proceeding across.

From the great weight of the testimony, both from the witnesses and the physical facts, it is clear that defendant's truck driver chose the shorter way across, in violation of the traffic rules, and thereby precipitated a situation from which it seems that neither he nor the driver of plaintiff's truck could or did extricate themselves. There is apparently no other explanation as to what caused the accident than the fact that defendant's driver very negligently left the line of traffic he was supposed to follow, and should have followed by keeping to his right around the longer curve and deliberately and unnecessarily crossed over on the left side of the line, presumably for the purpose of making time or beating someone else across. The lower court evidently thought such an act

constituted negligence, and we think it was gross negligence under the circumstances.

At it is pertinently cited by plaintiff's counsel, in Potter v. Glassell, 146 La. 687, 83 So. 898, it was held that one who can and does not concede to another the latter's side of the road carries the burden of showing that his fault did not cause the accident. He assumes the risk of his experiment and is required to use greater care than if he had kept on the right side of the road. •

"If a collision takes place under such circumstances the presumption is against the party who was on the wrong side." Berry, Automobiles (6th Ed.), vol. 1, page 237.

Counsel for defendant points to the testimony of plaintiff's truck driver, wherein the driver says defendant's truck was right on him when he saw it, to show contributory negligence such as to bar recovery. Also, counsel points out another statement by this driver as being significant, and that is where the driver says he saw the other truck coming from the bridge "traveling on the wrong side of the street." This witness says in another place that he had already gotten into Lake street (which means into the intersection), and that the front end of his car was almost across, when he first saw the other truck. Most of these were leading questions asked the witness on cross-examination, to which the witness merely answered yes. This witness, continuing his testimony on direct examination where he says he saw the other truck traveling on the left side of the street, says:

"I seen him coming, he was traveling pretty fast, about thirty-five miles, looked like when he was going ahead I put on my brakes, and he come on and hits me. * * *"

He was questioned further at length by defense counsel, and he said the distance the truck was from him when he first saw it was about twelve feet. Asked why he did not stop his truck in time to prevent the collision, he said he did try but the truck was coming too fast. In several places in his testimony this witness says he is positive defendant's truck was coming from Bossier City, because he saw it coming around the curve. He also states he thought the truck was going to slow up. Taking the testimony of this witness as a whole, we cannot say that he acted negligently. He no doubt saw the truck coming, but knowing it was on its wrong side of the traffic line, it would be natural for him to presume the driver of the truck would discover his error and slow down or stop to let plaintiff's truck get across. Plaintiff's driver did in fact endeavor to stop. Sign of the skidding of his tires was seen by witnesses arriving at the scene soon after. The trial judge found no negligence chargeable to this driver. Neither do we find any, but we think he used ordinary care under the circumstances.

Defendant's driver was duty bound to use extraordinary care by reason of his having voluntarily and unnecessarily left the path of traffic and was proceeding on the wrong side of the street. In this duty we think he failed. This driver testifies that when he got to the intersection line he slowed down, thinking the other driver would do the same; then says he was "pulling on in" when he saw the other driver coming, about to strike, "then (he says) I begun to try to cut around get out of the way." He says he was moving

about ten miles an hour. If this be true he could and should have stopped instead of cutting around in front of the other truck.

Under the circumstances as related by this witness plaintiff's truck driver had a right to assume that this driver was going to stop, taking for granted even what this driver says is true. But, after all, the statements of both of these witnesses may be said to contain many inaccuracies, as is many times the case with witnesses of this type. We think, and no doubt the lower court thought, that the plaintiff's contentions were more strongly supported and corroborated than were those of defendant.

As to the quantum of damages, the amount allowed by the court for repairs seems to have been fairly well proven, and is not seriously disputed by defendant. The amount claimed for loss of use of the truck while it was being repaired appears excessive. There is evidence showing that a week should have been a reasonable length of time for the repairs to have been made, including time to obtain certain new parts which possibly had to be ordered. We think plaintiff certainly is, under the circumstances, entitled to a reasonable amount to cover such a loss. A week, at $10 per day for six days, is, we think, reasonable and not excessive.

For the foregoing reasons, the judgment appealed from is amended by increasing the amount of award to $473.97, and as thus amended the judgment is affirmed.

DREW, J., concurs.