No. 4232

**Second Circuit**

(Second Division)

T. DEFATTA & SONS v. SOUTHWEST-
ERN GAS & ELECTRIC CO.

(January 14, 1932.   Opinion and Decree.)

Irion & Switzer, of Shreveport, attorneys for plaintiff, appellee.

Wilkinson, Lewis & Wilkinson and Edward S. Klein, of Shreveport, attorneys for defendant, appellant.

DREW, J.   Plaintiff sued to recover the amount of damages caused its truck by a collision between its truck and the truck of defendant at the intersection of Pierre avenue and Murphy street in the city of Shreveport.   It alleged the defendant was negligent in the following respects:   That its truck was being driven at a reckless, unlawful, and excessive rate of speed, and that the driver was not keeping a proper lookout, and did not have proper control over the truck; that the driver of defendant's truck negligently swerved into Murphy street at a fast rate of speed on the wrong side of the street.

Defendant in answer denied the allegations of negligence, and alleged that its truck was proceeding north on Pierre avenue, and plaintiff's truck was coming south on the same street.   That defendant's truck had entered the intersection of Pierre avenue and Murphy, and had nearly crossed the intersection when plaintiff's truck suddenly swerved to the left in the northern part of said intersection, without any warning having been given by plaintiff's driver, in violation of sections 44 and 47 of the General Traffic Ordinance of the city of Shreveport, thereby causing the collision.   In the alternative, it pleads contributory negligence on the part of plaintiff as a bar to recovery, and the doctrine of the last clear chance.

The lower court rendered judgment for plaintiff, and defendant prosecutes this appeal.

The charge of reckless, unlawful, and excessive rate of speed by defendant's truck fails for want of proof.   The testimony is that defendant's truck was traveling at a moderate rate of speed on its right side of the street, and that it slowed down slight-

ly before entering the intersection, and then started up again. There is not any testimony to snow that defendant's truck driver was not keeping a proper lookout, and, to the contrary, the testimony shows that he saw plaintiff's truck for about half a block before he reached the intersection and continued to watch it until the accident occurred.

The remaining allegations of negligence are that defendant's truck driver negligently swerved his truck into Murphy street on the wrong side of the street and struck plaintiff's truck, that was on its right side of Murphy street, and that its driver did not have proper control of the truck. Plaintiff alleged that its truck was struck on the left side, when in fact it was struck on the right side. There is a conflict in the testimony as to where the trucks were when the collision occurred. Plaintiff contends it was in Murphy street, and defendant contends that it was in the northeast corner of the intersection of Pierre avenue and Murphy street. The collision occurred either in the extreme northeast corner of the intersection or a few feet east of that point on Murphy street. Plaintiff's truck was traveling south on Pierre avenue, and defendant's truck was traveling north on the same street. Defendant's truck was on the extreme right-hand side of the street, and plaintiff's truck was on its left-hand side of the street. Defendant's truck had nearly crossed the intersection at the time of the accident, and plaintiff had barely entered the intersection. There can be no dispute over this fact, as plaintiff's truck was on its left-hand side of the street, and, as soon as it entered the intersection, turned to the left, headed east on Murphy street,

was still on its left-hand side. In making the left-hand turn on entering the intersection of Pierre avenue and Murphy, plaintiff's truck did not proceed to the center of the street, as required by ordinance of the city of Shreveport, but deliberately cut the corner. All of defendant's witnesses testified that plaintiff's truck was still partly in the intersection when struck by defendant's truck, and their testimony is corroborated by plaintiff's truck driver, who said the back wheels of the truck were about even with the sidewalk, and it is a fact that the truck was struck on the rear wheel and rear fender.

After the accident, plaintiff's truck was up on the curb on the north side of Murphy street, the front end within a few feet of a telephone pole which was on the north side of Murphy street, a distance of sixteen feet east of the intersection. The momentum of the truck would necessarily carry it a few feet after having been struck, and, as the length of plaintiff's truck is not shown, the fact that it was almost entirely in Murphy street after the accident does not overcome the testimony that the back part of the truck was in the intersection at the time of the accident. There is no testimony showing anything wrong with the steering gear of defendant's truck or that the driver did not have the truck under control. He was not driving over fifteen to twenty miles per hour, and had no intention of turning east on Murphy street, and the only way to account for defendant's truck dipping into Murphy street—if it did—would be due to the excitement caused by the sudden turning to the left of plaintiff's truck, directly in the path of defendant's truck, without any signal or warning of an in-

tention to make a left turn. The evidence preponderates in favor of the fact that plaintiff's driver did not signal his intention to make a left turn. The testimony is clear that plaintiff's truck driver was negligent in driving on his left side of the street and on cutting the corner in making a left turn and not giving a signal of his intention to make a left turn. The fact that the accident occurred in the northeast corner of the intersection is sufficient to show that, if plaintiff's truck driver had proceeded to the center of the street before making a left turn, and then headed down his right side of Murphy street, as required by city ordinance, the accident would never have happened, and the least that can be said is that his negligence contributed to the accident sufficiently to bar recovery—if it was not the sole proximate cause of the accident.

The driver of defendant's truck could not be expected to anticipate that the truck of plaintiff's would be cut to the left and cut the corner, thereby crossing directly in his path, and, when it did happen, he was no longer held to the same degree of responsibility that he would have been, if he had had time to deliberate.

The judgment of the lower court is manifestly erroneous. A great part of the testimony was admitted over the objection of defendant that it was at variance with the allegations of the petition, but, since our findings on the merits are in favor of defendant, it is unnecessary to pass on the question of the admissibility of testimony.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and the demands of plaintiff be rejected, at its cost.