This case results from a collision between two automobiles. The plaintiff, Mark N. Bendish, Jr., the owner and driver of an Oldsmobile, sues for $125, to cover the damages sustained by his car, and the defendant. John T. Roberts, the owner and driver of the other car, a Chevrolet, reconvened and claimed $144.44 to cover the cost of repairs to his automobile.
There was judgment below in plaintiff's favor as prayed for and dismissing the reconventional demand. The defendant has appealed.
The accident occurred on November 22, 1944, in the outlying section of the City of New Orleans, on the "Intracoastal Road" at about one hundred feet from the point where that road joins U.S. Highway 90. Bendish drove on the road from a parking lot in front of a restaurant in the vicinity, and collided with Roberts' automobile, which was travelling towards the highway from his left. The negligence imputed to the defendant is excessive speed and failure to keep a proper lookout.
The speed of defendant's car is variously estimated as thirty-five miles per hour by himself, forty to forty-five miles per hour by Lloyd Donahue, a passenger in plaintiff's car, fifty to fifty-five miles for hour by the plaintiff and as "a pretty rate of speed" by a disinterested witness by the name of Anthony G. DiMaggio. All of the witnesses, including Roberts, agree that Roberts as he approached the scene of the collision was looking over his shoulder towards the left to see whether Highway 90, which he was about to enter was clear of traffic.
Bendish entered the Intracoastal Road about one hundred feet from Highway 90 and, according to his testimony, when Roberts was more than eighty feet distant, for he says that he looked to his left, the direction from which the Roberts car was approaching without seeing any traffic on the road. His vision did not extend more than eighty feet down the road because of the presence of advertising signs which were on the side of the road. He is corroborated by the witness Donahue and to a great extent by DiMaggio.
Roberts' statement concerning the charge that he was not looking in the direction in which he was going, is to the effect that he was slowing up as he approached Highway 90, looking to his left for cars coming from New Orleans and going towards Slidell, "looking back to cross over Highway 90." He says he first saw plaintiff's car when it was partially across the road and its "back wheels were getting on the black top of the Intracoastal Road." At that time "I was too close on him, jammed into the side of his car, slid about five or six feet."
There were only four witnesses, the plaintiff and defendant, Donahuc and DiMaggio. *Page 689 
[1] Roberts unquestionably had the right of way, as his counsel contends, under the following provision of Act 286 of 1938, Section 3, Rule 11(e):
"The driver of a vehicle entering a public street or highway from a private road or drive or entering a private road or drive from a public street or highway shall yield the right of way to all vehicles approaching on such public highway and to all pedestrians properly walking thereon."
[2, 3] Nevertheless, we are of opinion that Roberts was negligent in failing to keep a proper lookout and in driving too fast. He says he did not see the Bendish car until too late, but he should have seen it sooner and he must be held to have seen that which he could have seen. The great preponderance of the evidence is to the effect that the Bendish car entered the roadway when he was at least eighty feet away, consequently, if he had been looking ahead of him instead of over his left shoulder, he would have seen it obstructing his path and, if his speed was not immoderate he would have been able to stop in time to avoid the accident. We believe his negligence contributed to the accident.
[4] We also believe that Bendish was negligent because the conditions obtaining demanded greater caution than he exercised. He should have respected the right of way of the Roberts car by a more cautious approach to the roadway in view of the obstructing sign boards. A little hesitation before entering the roadway and a second look in Roberts' direction would have revealed the approach of the Roberts car at considerable speed, too fast to permit of a safe entrance upon the roadway. The situation here is similar to that obtaining in several cases where a motorist enters a public roadway from a private driveway.
In Bryan v. Magnolia Gas Company et al., 13 La. App. 52, 127 So. 124, 126, it was held:
"It is the duty of the driver of a motorcar, before entering a main highway, to look and listen for approaching cars and, if his view of the highway is obstructed, he must use extreme care."
See, also, Stroud v. Davis-Lawhead Funeral Home et al., La. App., 154 So. 476 and Goff v. Sinclair Refining Company et al., La. App., 162 So. 452.
For the foregoing reasons we believe Bendish was also negligent. It follows, therefore, that both the original and reconventional demands must be dismissed, consequently and
For the reasons assigned the judgment appealed from insofar as the main demand is concerned is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of the defendant, John T. Roberts, dismissing plaintiff's suit at his cost.
In all other respects the judgment appealed from is affirmed.
Affirmed in part.
Reversed in part.