46 So.2d 685 (1950)
STREHLE
v.
GIAISE.
No. 19496.
Court of Appeal of Louisiana, Orleans.
May 29, 1950.
*686 Waverly A. Henning, Gretna, for plaintiff and appellee.
Louis H. Marrero, III, Marrero, Joseph A. Casey, New Orleans, for defendants and appellants.
JANVIER, Judge.
This suit for damages, for the cost of repairs to plaintiff's automobile, results from an accident which occurred at about 11:30 o'clock on the morning of January 17, 1948, on what is known as the Belle Terre Road, near the Village of Marrero in the Parish of Jefferson.
The cars involved were a Chevrolet sedan, which was owned and driven by plaintiff, and a "pick-up" truck owned and operated by defendant.
Defendant, in the grocery business, had just made a delivery of groceries to a customer and, in doing so, had turned his truck to its left into the private driveway of the customer. After delivering the groceries, defendant backed his truck into the highway while plaintiff was approaching from the rear, and the two cars collided, causing damage to both.
Plaintiff, alleging that he himself was in no way at fault and that the sole cause was negligence on the part of defendant, brought this suit against him and prayed for judgment for $432.00 as the cost of repairing his car.
Defendant denied that he was in any way at fault and averred that the sole cause of the accident was the carelessness of plaintiff in running into defendant's truck from the rear, and, in the alternative, pleaded contributory negligence.
There was judgment in favor of plaintiff for the amount prayed for, $432.00, and defendant has appealed.
Plaintiff's contention is that as he approached the private roadway on which defendant's truck was parked, he saw that defendant was about to back the truck out into the highway, and that he sounded his horn and assumed that defendant would wait until his car had passed, but that just as his car was about opposite the rear end of defendant's truck, defendant suddenly backed it out into the highway and struck plaintiff's car near the middle of its left side.
Defendant's version is that as he was about to back out into the highway, he looked and saw no other vehicle in either direction for a distance of about three blocks and that he backed out into the highway, turning his truck as he did so, so that it was facing in the same direction in which plaintiff was going with the rear of his truck towards plaintiff's on-coming car, and that just as he had shifted his gears and was about to proceed in a forward direction, his truck was struck violently on its right rear by plaintiff's car which, after striking it, dashed to the side of the road and then, with its two right wheels in the ditch, "sideswiped" a tree alongside the road and came to a stop only when it struck a concrete culvert which was 74 feet beyond the spot at which the collision had occurred.
Plaintiff asserts that the speed of his car was not more than 25 miles an hour, and *687 defendant declares that it was much greater.
There is no doubt that the operator of an automobile who desires to drive from a private driveway onto a thoroughfare must be extremely careful to make certain that it is safe to do so. And if the car is being backed out upon the highway the operator must be even more careful.
In Honeycutt v. Carver, La.App., 25 So. 2d 99, 101, the Court of Appeal for the First Circuit said: "* * * It is the duty of a person backing out of a private driveway into a public highway to exercise great care, and ascertain if any traffic is approaching from either direction."
It is also true that as between an automobile on a private driveway and another on a public highway, the latter is entitled to the right of way. In Stroud v. Davis-Lawhead Funeral Home, 154 So. 476, 477, the Court of Appeal for the Second Circuit quoted with approval a statement from section 1024 of Berry on Automobiles, reading as follows: "* * * A vehicle on a public highway has the right of way over one emerging from private grounds."
Thus it seems probable that since the car of plaintiff was on the highway and obviously in view of defendant as he backed his car from the private roadway, defendant could easily have seen it had he looked as he says he did. However, even if we assume that defendant was at fault in backing out into the road without first making certain that it was safe for him to do so, it does not necessarily follow that he is liable for if, when he was in the road in the path of plaintiff's on-coming car, plaintiff could still have avoided him by exercise of proper care, the proximate cause of the accident must be held to have been not the negligence of defendant in creating the dangerous situation, but the carelessness of plaintiff in not avoiding the collision that could have been avoided by the exercise of care had he been on the alert.
In Stroud v. Davis-Lawhead Funeral Home, supra, this question is discussed, and again the Court quoted with approval from Berry on Automobiles, section 1024: "The fact that a car is being driven from a private driveway does not give the driver of a car on the public highway with which the driveway intersects, an absolute and unqualified right of way. Both drivers are under the duty to act reasonably."
The record leaves us in no doubt at all concerning the speed at which plaintiff approached the scene. We are certain that it was considerably in excess of 25 miles per hour. Plaintiff admitted that he knew that the maximum speed permitted by ordinance was 25 miles per hour. Most of the other witnesses say that the maximum speed permitted was 20 miles per hour. When plaintiff was first placed on the witness stand, before he was questioned as to his speed, he volunteeredapparently inadvertentlythe statement that he was coming from the parish garage at a speed of about "30 or 35 miles an hour." Later he attempted to change his estimate and said that it was not more than about 25 miles an hour. He said that he was sure of this because he knew of the "speed zone" and knew of the ordinance and had looked at his speedometer only a short distance before.
The high speed of plaintiff's car is indicated by the physical facts which appear in the record. Although in his petition he alleges that after the collision his car had proceeded a distance of only ten feet, in his testimony he said that he skidded about 25 feet. One of his witnesses said that the distance the car had gone after the accident could be determined by the distance between the point of the impact an the concrete culvert and that this was about 40 or 50 feet. As a matter of fact, that distance was actually measured and shown to be 74 feet, and in going that distance after the impact, his two wheels had fallen into the ditch which no doubt to some extent retarded it. It struck a tree badly damaging the side of the car and yet it did not stop until it had hit the concrete culvert, indicating that it might have gone considerably further if the culvert had not been there.
We thus have no difficulty in reaching the conclusion that plaintiff was operating his car at a speed greatly in excess *688 of that fixed by the ordinance of the Police Jury and that he, therefore, was negligent since it has been many times held that: "* * * The violation of a law is per se negligence and is actionable when the proximate cause of injury to others * * *." Stuckey v. Hayden, La. App., 3 So.2d 443, 446.
In Tooke v. Muslow Oil Co., 183 So. 97, 101, the Court of Appeal for the Second Circuit said: "The violation of a traffic law, it has uniformly been held, is negligence per se." See, also, Pettaway v. K. C. S. Drug Co., La.App., 166 So. 902.
We realize, however, that it is also true that the mere violation of a law does not render the violator liable unless the violation can be said to be the proximate cause of the injury. In Roberson v. Rodriguez, 186 So. 853, 855, the Court of Appeal for the Second Circuit said: "However, even if the evidence, which is conflicting, preponderates as claimed by plaintiff and discloses the mentioned violations, the negligence resulting would not be actionable unless it was the or a proximate cause of the injuries. * * *"
In Tooke v. Muslow Oil Co., supra, the Court said: "* * * To supply the basis for an action in damages, such violation must be held to be the or a proximate cause of the injury for which damages are sought."
However, we are convinced from the facts shown here that the negligence of the plaintiff in operating his car at a speed in excess of that permitted by law and his negligence in continuing to drive at this speed after he saw that defendant either had backed into the road or was about to do so, had causal connection with the ensuing accident. We are convinced that plaintiff's version is not the correct one; that defendant's truck did not back into the highway just as plaintiff's car was about to pass. We are convinced, too, that defendant's truck did not back into the side of plaintiff's car as plaintiff claims because the most serious damage seems to be to the front of his car and not to the left side about the middle. All in all, the record convinces us that the accident would not have occurred had plaintiff been on the alert and had been exercising proper care.
Accordingly, the judgment appealed from is annulled, avoided and reversed, and plaintiff's suit is dismissed at his cost.
Reversed.
REGAN, J., takes no part.