ICENNON, Judge.
This suit is the outcome of a collision between a Chevrolet sedan owned by plaintiff, Janez Rebouche, and being operated by his wife and co-plaintiff, with a gasoline powered 'bus owned and being used in the course of its business by the defendant, Shreveport Railways Company. The husband’s claim is for medical and hospital bills; the wife’s claim is for pain and suffering.
Plaintiffs allege that while Mrs. Rebouche was driving the Chevrolet in an easterly direction on Claiborne Avenue, she approached its intersection with Portland Avenue in the City of Shreveport, Louisiana at about 3:30 p. m. on September 17, 1949; it happened that the traffic light was on a red or stop signal; that she came to a full stop in the south (her right) lane of Claiborne Avenue and awaited the green signal; that defendant’s employee, making a right turn from Portland into Claiborne, negligently turned the bus in such a manner that the front encroached upon the lane (the bus’s left) occupied by Mrs. Rebouche; that the driver stopped the bus; that Mrs. Rebouche backed her car a few feet to the rear, whereupon defendant’s driver continued his right turn into Claiborne Avenue; that the arc of this turn caused the front of the bus to strike the Rebouche car, ripping a portion of the left front fender, causing a severe jolt and damage physically to Mrs. Rebouche who, at that time, had been for some three and one-half months in the state of pregnancy; that as a result of said jolt, she was necessarily confined to her bed, was threatened with miscarriage and underwent a great deal of suffering, both physically and mentally.
Two supplemental petitions were filed clarifying certain details.
Defendant in answer admitted the occurrence of the slight collision and that the operator of the bus was its employee and agent, but denied each and every allegation of negligence charged in the original and supplemental petitions. Further answering, in the alternative, defendant submitted that Mrs. Rebouche was guilty of negligence in stopping her car in such a position that it blocked a portion of the left lane of traffic; in operating her car in reverse without maintaining a proper lookout to see that her path was clear, and in failing to maintain proper control over her vehicle.
The District Court, after stating that the decision on the question of negligence was a difficult one due to the conflict in the testimony, left this question undecided and .gave judgment for defendant based on its finding that the plaintiffs had failed to establish that Mrs. Rebouche’s physical condition up to and including the .date of *512 the birth of her child was a result of the action sued upon. From this judgment, plaintiffs prosecute the present appeal.
The scene of the accident is the intersection of Claiborne and Portland Avenues in the City of Shreveport, Louisiana. On the south side, Portland runs at right angles to Claiborne Avenue. On the north, Portland runs in a northwest-southeast direction. As Mrs Rebouche, proceeding easterly on Claiborne, approached Portland, the traffic light was red. She stopped in the south (her right) lane. The bus, proceeding southerly on Portland with a green light, started to make the more than right angle turn into Claiborne and in doing so, its left front encroached upon its left lane, and in order not to strike or risk striking the Rebouche car, the driver brought the bus to a stop. For the vehicles to pass, it was necessary that some changes of position be made.
As to what happened to break the impasse, the witnesses for plaintiffs and defendant are in wide conflict. There is wide variance as to which vehicle made what moves. However, all agree that shortly aJfter the maneuvers started, the left fender of the Rebouche Chevrolet became engaged with the left bumper of the bus; that the impact was not overly severe and the two vehicles were maneuvered free. The bus was undamaged. The left fender of the Chevrolet was torn.
We find in the record three different versions of the maneuvers which intervened between the original stopping of the bus and the damaging contact between the Chevrolet fender and the bus bumper. Defendant’s witness, Lawrence Oglesby, testified and reiterated that after the bus stopped, both vehicles moved back. The driver of the bus maintained that after he stopped ■he made no further move and that the only move made by Mrs. Rebouche was to back the Chevrolet in such a way as to bring its left fender in contact with the bumper of the bus. However, it is noted that his testimony on this point is a bit wavering and uncertain in that he said, in referring to Mrs. Rebouche’s action, that “she proceeded, I suppose, to to back up, or either move, * * Mr. Floyd Busby, introduced by the defendant, was positive that Mrs. Rebouche, after the bus had stopped, first endeavored to clear the situation by pulling up, and that the bus driver then tried again to make the turn; that when this second trial was ineffective, Mrs. Rebouche backed the Chevrolet, “hanging the fender.”
Mrs. Rebouche and her daughter and Mrs. James L. Jones agree in their testimony that the bus driver made a second move forward after the Chevrolet had backed up.
The bus driver testified that when Mrs. Rebouche backed up “she cut her wheels the opposite way and caught the front bumper of the bus.” His testimony, in connection with the testimony of defendant’s witness Busby, namely, that Mrs. Rebouche first drove the Chevrolet forward in an effort to clear the bus, may explain why the Chevrolet wheels were cut the opposite way. If Mrs. Rebouche did first move forward, she would naturally have cut her wheels sharply to the right. Then, after the bus driver had moved forward in his unsuccessful effort to clear the Chevrolet, and stopped the second time, Mrs. Rebouche might well have intended to back up for the purpose of making it possible for the vehicles to clear each other. She 'Could not see that her front wheels were still cut sharply to the right and it is not unlikely that she started backward with her wheels in that position and consequently threw the Chevrolet fender into the bumper of the bus. The testimony of Mr. Busby that both the bus and 'Chevrolet backed up indicates that there is a possibility that at the time Mrs. Rebouche started backward, the bus driver had also begun a backward movement.
The one fact established by the record is that the bus driver did, in making the turn, bring his bus over into the south (its left) lane of Claiborne Avenue. The fact that this was a busy street corner and other vehicles were being held up by the impasse, created sort of a minor emergency. The testimony as a whole leaves it in doubt as to just what each driver did and the sequence of their actions. The most likely sequence is that both drivers *513 started maneuvering forward or backward in an effort to make a clear passage possible. Since the emergency was created by the bus driver in blocking Mrs. Re-bouche’s lane of traffic, defendant should be held responsible if it be established that the turn could have been made without crossing over the center of Claiborne, and unless Mrs. Rebouche is shown to be guilty of contributory negligence. Assuming that she made the backward movement with her wheels cut to the right and thereby unintentionally backed into the bus, it does not necessarily follow that this was negligence under the circumstances, including her nervous and delicate condition.
We agree with the District Judge that no physical injury to Mrs. Rebouche was established, and that the collision was not violent enough to have resulted in any danger to the average woman in her condition. However, we do find as a fact that Mrs. Rebouche worried a great deal about herself and the possible effect that the occurrence had upon her. This worry on her part — justified or unjustified by the minor incident — resulted in a genuine mental suffering, and caused her to worry additionally over the symptoms that were in fact due to the inverted position of the unborn child. Under these conditions, we believe that, if the defendant was negligent, Mrs. Rebouche is entitled to a reasonable award for this mental suffering and apprehension from the time of the accident to the date of delivery of the child.
Under our appreciation of the facts, the vital point to be decided is whether or not the bus driver was negligent in making the turn in such a manner as to bring a portion of his bus into its left lane and in front of Mrs. Rebouche, whose Chevrolet was stopped in its own right lane of traffic. The testimony is not complete on this. Mrs. Rebouche testified at one place in the record that there were about three feet of space between the bus and the curb. However, this testimony is not sufficient to show that there were three feet of additional space available at the corner itself.
While we are reluctant to return a case to, the District Court, the demands of justice indicate that this case should be remanded in order that the parties litigant may introduce testimony as to the conditions and physical set-up at the intersection in question, with a view of having the District Court determine whether or not the bus driver was guilty of negligence in placing a portion of his vehicle over into the left lane and into the path of the Rebouche vehicle.
For the reasons herein assigned, the judgment appealed from is set aside and this case is 'remanded to the First Judicial District Court, Caddo Parish, Louisiana, for the purpose of allowing the introduction of testimony by both sides on the above discussed point, and for the taking of any other testimony bearing upon the issues and deemed relevant by the District Judge. Fixing'of liability for all costs will await the final outcome of the suit.