McINNIS, Judge.
This cause was before us once before. It is reported in La.App., 53 So.2d 510, where the issues are fully set forth. On the original trial the district judge reached the conclusion that plaintiff suffered no injury as a result of the slight accident in which she was involved, and in view of this conclusion he did not pass on the question of whether or not the bus driver was guilty of any negligence.
This court, speaking through Kennon, Judge, agreed with the district court that plaintiff suffered no physical injury and that the slight collision was not violent enough to have resulted in any danger to the average woman in her condition. However it was found to be a fact that she did worry a great deal about herself and the possible effect of the accident upon her; and it was decided as a matter of law that if the negligence of the bus driver should be shown to have been the proximate cause of the accident that plaintiff would be entitled to a reasonable award for mental suffering. Finding that the evidence was not satisfactory on this question, the case was remanded to the district court for further testimony “as to the conditions and physical set up at the intersection where the accident happened, with a view of having the district court determine whether or not the 'bus driver was guilty of negligence * * *»
Further evidence was adduced at the subsequent hearing in the district court, after which the judge concluded that the bus driver was not negligent, and accordingly rejected plaintiff’s demands.
From this judgment plaintiff has perfected a devolutive appeal.
Plaintiff’s original petition correctly describes the intersection of Portland and Claiborne Avenues. Claiborne runs in an east-west direction. Portland intersects Claiborne at right angles on the south side, but leaves the north side at an angle of some 45 degrees, thus forming a “V”. There was on the day of the accident a traffic signal in good working order at the intersection.
The bus, after letting a passenger off on the west side of Portland started a right turn to enter Claiborne, headed west. Plaintiff’s car had stopped in the right hand lane of traffic, which was the south side of Claiborne to wait for the traffic signal to change h> green, but by that time the bus was far enough along with the right hand turn that it was occupying some three or more feet of the south lane of Claiborne, so that the two vehicles could not pass each other. The bus stopped and plaintiff backed the car to make way so the bus could get Iby, but in some manner not satisfactorily explained the left end of the front bumper of the bus came in contact with the left front fender of the car plaintiff was driving, *175 causing slight damage to the fender. The drivers were looking at each other. They give different versions of the manner in which the accident happened. Plaintiff says she hacked' up to where she and the bus driver thought he could get by, but he could not, and that after contact they both backed up. The bus driver says that he had to make a wide swing in turning because of the angle that Portland Avenue intersects Claiborne Avenue on the north side, and he stopped the bus, and plaintiff started backing up and cut her wheels the opposite way and caught the front bumper of the bus with her fender, and that the bus never moved until after plaintiff backed up a foot or two, and then drove alongside the bus and stopped and they both got out and had a conversation.
On the second trial of the case plaintiff tendered W. O. Wilson who directed traffic only while school children were crossing at the intersection. .He says he has seen buses both old and new make the turn without going to the south side of Claiborne, and has also seen them go to the south side. Mrs. Mary Jones who was living near the intersection then, and often rode on the buses says they could make the right turn into Claiborne without crossing the center line. Plaintiff says the bus drivers can make the turn if they try, but she admits they can’t if they go to the corner near the curb.
Mr. Dave Garrett, one of the city’s engineers examined the intersection. He was given a figure supposed to represent the turning radius of the bus and from that he made his computation and a plat, by which it appears that the turn can be made without going more than six inches across the center line of Claiborne.
For defendant, Mr. J. C. McLemore, a licensed surveyor went to- the intersection where he worked for about two' hours,having the same bus that was involved in the accident, and he had the bus driven around the comer from Portland into Claiborne, and measured on the street, and he says that unless the Ibus driver goes over to the left of the center line on Portland, the bus will extend over across the center line of Claiborne 3.5 feet.
Mr. McLemore says the right hand side of the bus was only three inches from the curb on its -right side- as it made the turn, indicating that the driver made as close a turn as he could.-
Other witnesses for the defendant testified that the bus is in the same condition as at the time of the accident, so far as size of tires is concerned.
The preponderance of all the evidence on this question is to the effect that the turn can not be made without crossing either the center line of Portland or Claiborne.
We are cited by counsel for plaintiff the Statute, LSA-R.S. 32:235 and 32:231 requiring that drivers keep as close to the right hand side as practicable when turning. Cited to the same effect is 60 C.J.S., Motor Vehicles, § 367b, page 907. Cited also are Armour & Co. v. Hicks Co., 18 La. App. 504, 138 So. 676 and Miller v. Hayes, La.App., 29 So.2d 396, 398 to the effect that when a collision occurs while a motor vehicle is being driven on the wrong side of the highway, this places the burden on the driver of such automobile to show that the collision was not caused by his negligence in driving his vehicle on the wrong side of the highway, but the facts in these cases are far different from the facts here.
We are of the opinion that the bus driver was not negligent in undertaking the right turn as he did.. It is undisputed that he stopped the bus when he saw that he could not pass the car plaintiff was driving, and he contends that he never started the bus until after contact with the car, and other evidence leads to the conclusion that he is correct in saying that he never started as contended iby plaintiff. There is just about as much reason to- conclude that the improvident maneuvers of plaintiff in trying to avoid the collision.caused the slight contact of the front of the two vehicles. We believe both drivers were trying to avoid a collision, and that probably both are responsible for its occurrence. It is not necessary to charge either or both of them with negligence. Art. 2316, LSA-C.C. provides :
“Every person is responsible for the damage he occasions not merely by his' *176 act, but by his negligence, his imprudence, or his want of skill.”
There was apparently no negligence on the part of either driver, in the usual sense that negligence is applied in tort cases. Apparently both drivers were trying to avoid the collision, and it apparently resulted from error in judgment on the part of both of them, for which neither of them ■may be held liable.
For these reasons the judgment appealed from is affirmed at the cost of plaintiff-appellant in both courts.