ELLIS, Judge.
This is an appeal by Annas Prioux and his wife, Constance B. .Prioux, from a judgment of the district court denying their recovery for personal injuries and property damages growing out of an intersectional collision between the Prioux car "driven by Mrs. Prioux and a truck owned and operated by the defendant, Sylvester Dressell.
The situs of this accident is an intersection formed by a road running generally east and west and another running in a northerly and southerly direction. The intersection forms a T and Mrs. Prioux was traveling in a northerly direction on the horizontal portion of the T while the defendant was traveling in a westerly direction on the vertical portion of the T, intending to cross the intersection and continue in a southerly direction. Both roadways at the time of the accident were graveled although they have since been black topped and the sketch in the record showing the situs indicates both are black topped highways. The intersection is rather a wide one flaring out for a distance of some 55 to 60 feet. All of the surface of this intersection was graveled to within a foot or so of the fences on the north and south sides and the distance between the fences on each side of the road upon which the defendant was traveling was approximately 55 feet. There was a decided slant from approximately the center of the road upon which the defendant was traveling to the south or widest part of the intersection, apparently to facilitate entrance from the road upon which the defendant was traveling to the road upon which Mrs. Prioux was traveling. There were no ditches and the slant in the road came up to the fence line. There was a wooden fence about 4 or 5 feet high which enclosed the property adjacent to both roadways and which ran along the east side of the road upon which Mrs. Prioux was traveling and the south side of the road upon which the defendant was driving. There were some clumps of bamboo along the south side of the road being traveled by the defendant and this fence and the bamboo obstructed the view of the road upon which the plaintiff was traveling *256 from one traveling on the highway used by the defendant as well as being also an obstruction to a clear view of one traveling as was the plaintiff.
Mrs. Prioux testified she was driving in a northerly direction on the right side of the road forming the horizontal southerly portion of the T intersection at a speed of about 35 or 40 miles per hour. She stated she did not plan to stop at the intersection as she was on a straight road and believed she had the right of way. When she arrived at approximately 35 feet from the southeast corner of the intersection she saw the defendant’s truck traveling on the intersecting road to his left and only a few feet from the fence on the southern side thereof. She further stated had she remained in her lane of traffic she would have hit the truck head-on but that instead she swerved her car to the left and went into the opposite lane of traffic on the road upon which she was traveling; the defendant, Dressell, traveled on across the road and the left bumper of his truck hit the right-hand side of her car. Dressell testified he did not see Mrs. Prioux’ car until he came out of the curve in the road due to the obstruction of view created by the fence and the bamboo bushes. The trial court found in his written reasons for judgment the defendant did turn left upon the road upon which he was traveling as he reached the intersection and that ordinarily this turn into the left lane of the road upon which plaintiff was traveling would constitute negligence “as the law requires the driver of a vehicle intending to turn left at an intersection to approach it in the lane for traffic to the right of and nearest to the center line of the highway and to continue that course until he passes beyond the center of the intersection”. We agree with this statement but we cannot in this case agree with a further Statement made by our learned brother below. He continued as follows: “But, in this case we do not have the normal intersection. As above noted, road C (this was the road upon which the defendant was traveling) flares out to the width of two roads at the point where it joins road D (this was the road upon which the plaintiff was traveling) and it would appear that road C was so banked to facilitate and encourage one traveling west on road C and intending to go south on road' D to travel to his right on the south half of the flare or double road and one so traveling intending to go north on road D to travel to his right on the north half of the flare or double road.” We do not believe that the fact that the roadway was so banked as to encourage or facilitate a turn into the left lane of traffic on the roadway upon which the plaintiff was traveling would excuse a motorist from the duty of exercising due caution as imposed upon him by law. The fact that the intersection at this point was particularly wide creates no exemption which would allow a motorist to turn into the left lane of the intersecting highway unless he was sure this lane was clear of any approaching traffic.
The district court concluded it was unnecessary to decide whether the defendant was guilty of any negligence since he found Mrs. Prioux was contributorily negligent. The specific negligence found by the lower court was that Mrs. Prioux was negligent in approaching and attempting to cross the intersection at a speed ranging between 35 and 40 miles per hour under the assumption she had the right of way. This brings us to a consideration of the exact spot where the collision occurred and the conduct of both the defendant and Mrs. Prioux immediately preceding the collision.
The record bears out plaintiffs’ contention that the collision occurred not in the center of the intersection but south of the intersection from a few feet up to 25 feet in the center of the west side road. The State trooper who questioned the defendant testified the defendant told him he cut the corner sharply and his report places him on the wrong side of the road. A bridge tender, Eldridge, saw the vehicles in place after the collision and before they *257 were moved. He stated the collision occurred some 20 to 25 feet south of the intersection and at a point where the Prioux vehicle was still some 20 to 25 feet before entering the intersection. Mrs. Prioux testified she could have stopped her vehicle or turned to her right if Dressell had stayed upon his right-hand side of the highway. Thus we must conclude from all of the testimony that Dressell did cut over into the left-hand lane of the highway and create a sudden emergency. Mrs. Prioux, in an attempt to avoid the accident, pulled to her left. The defendant evidently pulled to his right in an attempt to get upon the right lane of the highway in which Mrs. Prioux was traveling since the left bumper of the Dressell truck hit the right-hand side of the Prioux vehicle.
Once it is concluded the defendant made a left-hand turn at the intersection it remains to show the duty of such a motorist under the law.
Louisiana Statutes Annotated — Revised Statutes 32:235, subsection (B) reads as follows:
“Except as otherwise provided in this Section, the driver of a vehicle intending to turn to the right at an intersection shall approach such intersection in the lane for traffic nearest the right hand side of the highway, and in turning shall keep as closely as practicable to the right hand edge of the highway, and when intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning to the left. As amended Acts 1952, No. 127, § 10.”
Blashfield’s Cyclopedia of Automobile Law and Practice, Volume 2, Section 10,23, page 272 states:
“Frequently, questions of negligence arise in connection with turns or stops made at the intersection; thus to turn an automobile sharply to the driver’s left hand on coming in from an intersecting street is ordinarily negligence, so, a driver, seeing a car approaching the intersection in a negligent manner, who turns to the wrong side of the road in the path of such car, must be deemed negligent * *
On page 273 of the same Volume of Blashfield’s is the following:
“One rule of conduct, however, that may properly be announced is that a motorist intending to enter or cross an intersection should observe the laws of the road, which include traffic regulations established by statutes or ordinances. He should also consider the physical conditions, such as weather, road, and light conditions, the width and relative importance of the streets or highways forming the intersection, the intensity and course of traffic, and the speed of other vehicles as well as their distance from the intersection.”
At page 376 is found:
“A motorist who voluntarily leaves the line of traffic and proceeds on the wrong side of the street or highway at an intersection must use extraordinary care.
“While a driver, in the absence of any other vehicle, may proceed along the left-hand side of a road or street, it is his duty to apprehend the probability of another vehicle having the right of way turning into that side of the street in front of him, from a cross street, in which event he would be required to cross over immediately to the right side and give the right of way to such other vehicle, and the failure to guard against such a contingency, resulting in a collision, will ordinarily be actionable negligence.”
 Our courts have repeatedly held that to cut a corner or go into an inter *258 section on the wrong side of a highway is gross negligence. See T. Defatta & Sons v. Southwestern Gas & Electric Co., 18 La.App. 452, 138 So. 686; Gascon v. Rankin, 4 La.App. 269. Our courts have also placed the burden of proof to show his negligence did' not cause the accident upon any driver driving on the wrong side of the highway. Our courts have declared a prima facie case of negligence is made out against the driver of such a car. See Travelers Fire Insurance Co. v. Meadows, La.App., 13 So.2d 537. Also Miller v. Hayes, La.App., 29 So.2d 396 and Armour & Co., Ltd. v. Hicks Co., Ltd., 18 La.App. 504, 138 So. 676. Also Codifer v. Occhipinti, La.App., 57 So.2d 697.
The Occhipinti case, supra, 57 So.2d at page 699, states:
“The State Highway Regulatory Law, LSA-R.S. 32:235, 236, makes it clear that a driver attempting to turn to his left on a public highway must make certain that it is safe to do so. When such a left-hand turn is being made and an accident occurs, the burden rests heavily on the driver who is making the left-hand turn to explain how the accident occurred and to show that he was free from negligence.”
We do not believe the defendant has borne the burden of proof imposed upon him by law. He maintained upon the trial he never at any time in entering the side road veered from his own right-hand side of the highway. The physical facts and the rest of the testimony make this statement untrue since if he had stayed upon his own right-hand side of the entrance road the collision could not have occurred before Mrs. Prioux entered the intersection. The accident would have had to happen within the intersection if defendant’s story is true.
There seems to be no doubt but that the defendant, Dressell, created a sudden emergency and certainly there is nothing in this record to indicate Mrs. Prioux did anything other than what was natural and normal under the circumstances when she pulled to her left in an attempt to avoid striking the Dressell vehicle. If Dressell had continued on his own right-hand side of the highway and crossed the center line of the highway in which Mrs. Prioux was traveling before he pulled to his left, the physical evidence and the testimony as a whole indicate there would have been no collision. ‘Certainly there would not have been one where it did occur.
For the above and foregoing reasons we conclude the accident was occasioned through the sole negligence of the defendant and Mrs. Prioux did nothing to contribute thereto.
The damages to the Prioux vehicle were stipulated in the amount of $315.02. Mrs. Prioux, from the medical testimony, suffered a fractured rib and had some tenderness on the right side of her chest. The broken rib was immobilized'. This was done on September 24th. The accident occurred on September 22nd. Mrs. Prioux visited the doctor again on September 24, October 9 and November 7 and 9th. According to her own physician she should have recovered' from the broken rib in about six weeks. Her doctor and medical bills, according to the record, appear to have amounted to $48. In view of the relatively minor injuries suffered by Mrs. Prioux we conclude an award of $500 to be adequate.
For the above and foregoing reasons the judgment of the lower court is reversed and judgment is now rendered in favor of the plaintiff, Annas Prioux, in the amount of $363.02 covering damages of $315.02 to the community automobile and $48 medical expenses.
It is further ordered, adjudged and decreed that there be judgment in favor of Constance Berard Prioux and against defendant in the sum of $500, the defendant to pay all costs.