AYRES, Judge.
This is an action in tort. Both plaintiff and defendants seek to recover from each other damages sustained by their respective vehicles as the result of an automobile collision. From a judgment in plaintiff’s favor, defendants appealed.
Only factual issues are presented for resolution. The accident occurred about 11:50 o’clock P.M. on U. S. Highway 80 near the entrance to the private driveway of the Skyway Club situated on the south side of the highway. The highway is a paved four-lane main thoroughfare, two lanes for travel in each direction, separated by a neutral ground. As plaintiff was proceeding in an easterly direction on the highway, the Scarborough automobile, driven by Mrs. Scarborough, who was accompanied by her husband, emerged from the parking lot and private driveway of the Skyway Club, came onto the highway in front of plaintiff’s automobile, and the collision occurred.
Negligence charged to the defendant, Mrs. Scarborough, consists of her failure to keep or maintain a proper lookout, to keep her vehicle under control or to yield the right of way to plaintiff, who was approaching on the main highway. In denying any negligence on their part, defendants asserted the proximate cause, or, in *804 the alternative, a contributing cause, of the accident was the negligence of plaintiff in driving an automobile at night without lights, at an excessive rate of speed, without keeping a proper lookout, and while under the influence of intoxicating liquor. The only eye-witnesses to the accident were the three occupants of the two automobiles. The Scarboroughs were on a mission to collect a bill due Mr. Scarborough. Mrs. Scarborough was, therefore, on a community mission.
On the appeal, defendants rely primarily on the contention that plaintiff failed to sustain the burden of proof, particularly as to the question of liability. It is elementary, of course, that in cases of this character plaintiff must establish the negligence of the defendant by a preponderance of the evidence. Laird v. Pan American Casualty Co., La.App., 65 So.2d 920; Johnson v. Houston Fire & Casualty Co., La.App., 66 So.2d 528; Sullivan v. Reder, La.App., 77 So.2d 56. Their argument is that Mrs. Scarborough was without negligence because plaintiff did not have his lights on until momentarily before the collision, and that, therefore, plaintiff’s car did not come into view out of the darkness of the night until momentarily before the impact. Defendants’ testimony that plaintiff’s car approached without lights is contradicted by plaintiff, who testified that he turned his lights on before leaving Bossier City. Further examination of the testimony discloses that Mrs. Scarborough did testify she observed plaintiff’s headlights but that she thought plaintiff turned them on just .before the collision occurred. No complaints, however, were made to the officers who were called to the scene and who investigated the cause of the accident that plaintiff was driving without proper lights.
Neither does the record support the other contentions as to plaintiff’s negligence. A speed of' 50 miles per hour, the speed which he is shown to have been traveling, was well within the statutory limit. Nor was it established plaintiff was not keeping a proper lookout. He saw defendants’ car as it drove from the private driveway and came upon the highway at a distance of approximately 50 feet away. Obviously, realizing the possibility of a collision, plaintiff swerved his car to the left in an effort to avoid the occurrence. Neither does the testimony support the contention that plaintiff was drinking or was under the influence of intoxicating liquor. The officers who were called to the scene of the accident and who investigated the cause of the collision, gave no indication in their testimony whatsoever that plaintiff was either drinking or was under the influence of intoxicating liquor. Had he been under the influence of intoxicating liquor, the officers, no doubt, would have arrested plaintiff and preferred appropriate charges. Defendants’ testimony that plaintiff was drinking is met by his positive denial. The proof offered on this point is' not convincing.
The provisions of the Highway Regulatory Act, LSA-R.S. 32:237, subd. E, provides that the driver of a vehicle entering a public highway shall yield the right of way to all vehicles approaching on the public highway. The jurisprudence has consistently followed this statutory provision. Neddam Lumber Co. v. Baker, 6 La.App. 229; Stroud v. Davis-Lawhead Funeral Home, La.App., 154 So. 476; Bendish v. Roberts, La.App., 24 So.2d 688; Strehle v. Giaise, La.App., 46 So.2d 685; Gay v. United States Fidelity & Guaranty Co., La.App., 76 So.2d 60; Payton v. Great American Indemnity Co., La.App., 83 So.2d 575.
Under a similar state of facts, after quoting the aforesaid statute, this court, in Goff v. Sinclair Refining Co., La.App., 162 So. 452, 457, stated:
“When this law is violated, as was done in the present case, all presumptions are against the offender, and, as was said in Armour & Co. v. Hicks Co., 18 La.App. 504, 138 So. 676, 677: He assumes the risk of his experiment and is required to use greater *805 care than if he had kept on the right side of the road.’ Potter v. Glassell, 146 La. 687, 83 So. 898; Berry on Automobiles (6th Ed.) Vol. I; page 237.”
The evidence is convincing that plaintiff was operating his vehicle at a lawful speed and in its proper lane of travel. Appropriate here is the observation made in Wood v. Manufacturers Casualty Insurance Co., La.App., 107 So.2d 309, 314:
“In gauging the fault which may be attributable to a motorist who was operating his vehicle in obedience to positive law, such as at a lawful speed and in a proper traffic lane, one should be convinced that the dereliction was most substantial and that it was such a direct factor that without it the accident would not have occurred; Kientz v. Charles Dennery, Inc., 209 La. 144, 24 So.2d 292.”
The established facts are convincing that plaintiff was free from fault in the occurrence of the collision with defendants’ automobile. The conclusion is likewise inescapable that the proximate cause of the accident was the negligence of Mrs. Scarborough in suddenly entering the highway from a private driveway without yielding the right of way to and in the face of plaintiff’s oncoming automobile. Her testimony, as well as that of her co-defendant, is convincing that she entered upon the highway without making proper observation or keeping a proper lookout, otherwise, she would have seen plaintiff’s car approaching only a short distance away. Her failure to make proper observation of approaching traffic before entering the highway constitutes a most substantial dereliction of duty and, under the facts of this case, negligence of the grossest character. Every motorist is presumed to see, and is charged with the duty of seeing, that which he could have and ought to have seen. Prudhomme v. Continental Casualty Co., La.App., 169 So. 147; Rottman v. Beverly, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195; Sullivan v. Locke, La.App., 73 So.2d 616; Thomas v. Roberts, La.App., 144 So. 70.
Moreover, it is firmly established that the findings of a trial court upon questions of fact are entitled to great weight, and when only questions of fact are involved, it is incumbent upon the appellant, in order to secure a reversal of the decision from which he appeals, to show manifest error in the judgment; Thornton v. Ellington, 209 La. 613, 25 So.2d 282; Falgout v. Johnson, 191 La. 823, 186 So. 349; Currie v. Government Employees Ins. Co., La.App., 90 So.2d 482; Commercial Credit Corp. v. Morris, La.App., 107 So.2d 563, and it can only be concluded that appellant has not only failed to show manifest error in the judgment appealed, but that the judgment is sustained by a preponderance of the evidence.
Accordingly, for the reasons assigned, the judgment appealed is affirmed at appellants’ cost.
Affirmed.