GLADNEY, Judge.
This appeal presents counter claims for property damages sustained by the owners of two motor vehicles involved in an accident on March 16, 1959, about 4:30 o’clock p. m. on Barksdale Boulevard in Bossier City. After a trial on the merits judgment was rendered favorable to plaintiff and against defendant Johnnie C. Hicks. The demands of plaintiff against Sam Hicks were rejected. From this decree Johnnie C. Hicks has appealed.
The facts essential to recovery were stipulated and disclose that the accident involving the two automobiles occurred in the middle of the 1600 block of Barksdale Boulevard. Traffic at that time was blocked by a freight train at the southern end of the block and a double row of motor vehicles extended along the west side of Barksdale Boulevard from the railway crossing in a northerly direction for nearly the full length of the block. Plaintiff’s car, a taxicab, was being driven by his employee, William A. Prothro. The latter desiring to proceed north along the east side of Barksdale Boulevard, entered the street from a driveway on the west side about the middle of the 1600 block and crossed through the two lanes of stopped traffic on the west side of the street, Barksdale Boulevard at this point having four lanes of travel. The stopped cars permitted Prothro the right of entry and the cab was engaged in entering the easterly side of the street and commencing a left turn when it was struck by the car owned and driven by Johnnie C. Hicks. The latter was proceeding southerly on the left or wrong side of the street. Defendant introduced in evidence Ordinance No. 96 of Bossier City, Section 9 of which provides that vehicles crossing from one side of the street to the other shall turn only at intersections.
 The judge a quo has not assigned written reasons for his judgment but we are in accord with his ruling that Johnnie C. Hicks was guilty of negligence which was a proximate cause of the accident due to his driving on the wrong side of the highway. LSA-R.S. 32:235, subd. B. Prioux v. Dressell, La.App.1959, 109 So.2d 254. We are of the opinion, however, that it was error not to hold Prothro guilty of contributory negligence which is specially plead herein, in that he violated the provisions of the traffic ordinance above referred *642 to prohibiting 'a vehicle from crossing from one side of a street to the other except at intersections. It is also manifest both drivers created an emergency which required of each an extraordinary degree of care and observation. Both drivers by flagrant violations of the traffic regulations were under a duty to exercise an extraordinary degree of care to prevent an accident. Each should have been more alert and keenly observant. The negligence of Prothro is more apparent than that attributed to Mrs. Lollar in Lollar v. Southern Farm Bureau Casualty Insurance Company, La.App.1959, 113 So.2d 337, 339, wherein we held plaintiff contributorily negligent for maneuvering her car from the side onto the highway without making proper observation for oncoming traffic. Prothro’s negligence in this respect is a bar to plaintiff’s recovery, and we so hold.
The judgment from which appealed is reversed, and it is now ordered that the demands of plaintiff Lonnie D. Willis against Johnnie C. Hicks be rejected at his costs.