TEISSIER ET UX v. STEWART ET AL.

———

(April 15, 1929. Opinion and Decree.)

———

Legier, McEnerny & Waguespack, and Delvaille H. Theard, of New Orleans, attorneys for plaintiffs, appellees.

Edward Rightor and E. V. Parham, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by Louis Teissier on his own behalf, and, being joined by his wife, Mrs. Hilda Roder Teissier, on behalf of his minor child, Lois Teissier, against Andrew Stewart and his father, William P. Stewart, for damages caused by a collision between a Ford sedan owned and driven by the plaintiff Louis Teissier and a Franklin car owned by William P. Stewart, and, at the time of the accident, driven by his son, Andrew Stewart. On the trial of the case, it appearing to the satisfaction of plaintiff that William P. Stewart was not responsible for the act of his son, the suit against him was, on motion of plaintiffs' counsel, dismissed.

Plaintiff in his individual capacity sued for $2,623.65, of which amount $623.65 was for expenses incurred as a result of the accident and $2,000 thereof as compensation for physical injuries. The sum of $65,000 was asked on behalf of the minor, Lois Teissier, for physical injuries, pain and suffering. The case was tried before a jury, and a verdict was rendered in favor of Louis Teissier, individually, in the sum of $623.65 and in favor of his minor child in the sum of $25,000. A new trial was refused, and defendant has appealed to this court. Plaintiff has answered the appeal and asked that the judgment be increased, in each instance, to the amount prayed for in the petition.

The negligence of defendant is alleged to consist in the fact that he was driving recklessly and at excessive speed, and failed to keep to the right of the road, in violation of paragraph (b), section 1 of article 2 and of paragraph 1 of article 1, and of section 6 of article 2 of Traffic Ordinance No. 7490, C. C. S. It is also alleged that he was driving without a license, as required by Municipal Ordinance No. 8369, C. C. S.

The answer denies all negligence and, in the alternative, pleads contributory negligence.

In defendant's brief and in argument in this court, it is admitted that the record demonstrates the fact that the Stewart car was being driven at an excessive rate of speed and that its driver was therefore guilty of negligence in that regard, but it is insisted that the excessive speed was not the cause of the collision.

The accident occurred in the intersection of Prytania and Marengo streets. There are two car tracks on Prytania street. The Teissier car was crossing Prytania street from the direction of the lake toward the river, and the Stewart car was crossing Marengo street, proceeding uptown from the direction of Canal street toward Carrollton avenue, the point of contact being on the uptown, river side of Prytania between the curb and the nearest street car rail. The Teissier car was struck on the left side near the rear wheel by the left front wheel of the Stewart car.

The plea of contributory negligence was based upon the failure of the driver of the Teissier car to stop before entering Marengo street, as required by the traffic law. It is frankly conceded that he did not stop, but merely slowed down.

But, in our opinion, this fact had nothing to do with the accident, because plaintiff had almost negotiated the crossing when struck by the Stewart car, which was running very fast, and on the wrong side of the street. If the Stewart car had been under control, and on the right side of the street, it would have avoided the Teissier car. The accident was entirely due to the negligence of defendant. In fact, liability is only faintly denied, as is manifest by the failure and refusal of de-

fendant to take the stand voluntarily, or when subpoenaed by plaintiff, who desired to cross-examine him. The conclusion is inevitable, in the absence of explanation, that his testimony, if given, would have been unfavorable. Without his testimony no serious defense is presented.

Louis Teissier was not severely injured. He suffered slight lacerations of the scalp, bruises on the body, and experienced a nervous shock. For these injuries we consider $500 adequate compensation. This amount, together with the sum of $623.65, the actual expense incurred by him as a result of the accident, amounts to $1,-123.65, for which sum he should have judgment.

Lois Teissier was painfully, seriously and permanently injured. At the time of the accident she was nine years of age and in good health. She is said by her grandmother to have been a beautiful child, but perhaps some allowance must be made for parental pride and affection. In any event, she was a normal young girl, with a life expectancy of 49 years. Her injuries consisted of a badly lacerated lip, cheek, and chin, which required about a dozen sutures, or stitches, and the loss of one eye. The eye was destroyed by a piece of glass which had penetrated the right side of her cheek, going under the skin, entering the eye and splitting it open. Dr. Dimitry, who removed her eye, testified that:

"The outer side appeared rather normal, but flattened down, as if everything had come out from the inside, but when you pulled the lid down you saw that the eye was completely split open and the contents were coming out."

At the time the case was tried below, two years after the accident, she had a scar across her lip about three inches long and one inch wide, and was wearing a glass eye. Her sight in the remaining eye was affected, and she was suffering from a twitching of the face. Her father testified that she avoided the company of other children and was greatly embarrassed in their presence by reason of her disfigurement.

In addition to the injuries we have recited, counsel press upon our consideration, as an element of damage, the effect which the loss of her eye and her disfigured countenance must necessarily have upon her opportunity to marry. We are much impressed with the merit of this claim.

The custom obtaining in human society of placing the matrimonial initiative with the male limits the choice of the female to those in whose eyes she has found favor. In selecting a mate, man is primarily influenced by outward and visible forms of beauty, whatever may be said of his appreciation of inward grace and the more lasting beauty of the spirit. His attention is first arrested and his interest stimulated by the contemplation of superficial attractions, the charm of more substantial virtues being realized only after better acquaintance.

It is idle to deny that plaintiff's daughter, with a scarred face and glass eye, will be at a matrimonial disadvantage, and though she may (as we trust she shall) eventually consummate a happy marriage to some worthy and appreciative husband, her opportunities for doing so have been materially affected as a result of her unfortunate accident. Her chances to marry have undoubtedly been circumscribed as a result of her injuries, for which we have found defendant responsible. Has she suffered any injury on this account? The answer must be in the affirmative, notwithstanding certain modern tendencies to which we shall not further allude. A for-

tunate marriage, a state of connubial felicity, is for man the nearest approach to that which all of us are forever pursuing and never attaining, earthly happiness, but for woman it is a measureless benediction.

Without separately appraising this item of damage, we will observe that it has had no inconsiderable influence in determining the amount of the award in this case.

We have concluded to allow to the plaintiffs, for account of the injuries suffered by their minor child, Lois Teissier, the sum of $12,000.

For the reasons assigned, the judgment appealed from is amended by increasing the amount awarded Louis Teissier individually to the sum of $1,123.65 and by decreasing the amount awarded Mr. and Mrs. Louis Teissier, for the use and benefit of their minor child, Lois Teissier, to the sum of $12,000, and in all other respects the judgment appealed from is affirmed.