No. 3647

Second Circuit

———

BRUNSON v. BARNWELL

———

(November 18, 1929. Opinion and Decree.)

———

Cook & Cook, of Shreveport, attorneys for plaintiff, appellee.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for defendant, appellant.

WEBB, J. Defendant appeals from a judgment in favor of plaintiff for damages resulting from an automobile collision which occurred at a street intersection in the city of Shreveport.

There is not any dispute as to the extent of the damage to plaintiff's car, and while defendant pleaded that the collision was due solely to the fault of plaintiff, it is urged here that the evidence established that both parties were at fault.

The intersection was twenty-eight feet square, and plaintiff approached and entered the intersection from the east, while defendant approached and entered the intersection from the north, and the collision occurred at a point northwest of the center of the intersection, the front of plaintiff's car having traversed a distance of approximately twenty-two feet, while the front of defendant's car had traversed a distance of less than fourteen feet. Plaintiff estimated the speed of his car at from ten to twelve miles an hour, while defendant estimated the speed of both cars at fifteen miles per hour.

Assuming that the estimated speed of the cars was approximately correct and considering the point on the intersection where the collision occurred, it would appear that at the time plaintiff's car arrived at the intersection, defendant's car would have been approximately twenty feet from the intersection, and appellant urges that even though it be held that plaintiff's car, being the first to reach the intersection, had the right of way, the circumstances stated show that he should be held to have taken a chance of colliding with defendant's car.

While it must be conceded that a driver of an automobile, having the right of way at an intersection, is not relieved of exercising ordinary care to avoid colliding with other cars approaching the intersection

from other streets and should not be permitted to recover damages resulting from a collision on the intersection, if it appears that there was danger of colliding with a car approaching the intersection, if he knew of such danger, or should have known of ' danger with the exercise of ordinary care, or that the failure to realize the danger was due to his failure to approach the intersection with his car under control, or to observe the cross street before driving on the intersection.

If the only fact established was the point on the intersection at which the collision occurred, it might be assumed, if the estimate of the speed of the cars is accepted as correct, that both parties were negligent. However, plaintiff testified that he had approached the intersection with his automobile under control, and that prior to entering the intersection, he had observed the cross street and that there was not any vehicle approaching the intersection within a distance of fifty or sixty feet, and, assuming that the estimate of the distance was correct, it could not be said that plaintiff was negligent in entering the intersection, as he had the right to assume that others approaching the intersection would have their cars under control and would maintain a lookout for traffic entering the intersection, and it is not suggested that the driver of an automobile who approached the intersection exercising such care, would not have ample time and space to avoid collision with vehicles which entered the intersection in advance of him.

The record indicates that the parties were very frank and candid in their version of the incident, but it clearly shows that defendant did not exercise ordinary care, and the evidence conclusively establishing that plaintiff's automobile was the first to reach the intersection with his car under control, and that he did observe the cross street prior to entering the intersection, and the defense urged being that at the time plaintiff entered the intersection there was in fact an apparent or obvious danger of collision with the automobile operated by defendant, the burden of proof was on the defendant to establish the fact.

We realize that estimates of distances, as well as of speed, are often not reliable; however, in order to find that there was an apparent or obvious danger of collision between the cars at the time plaintiff drove on the intersection, we would have to accept the estimates of speed as correct and ignore the estimate of distance.

However, the record does not, we think, authorize the evidence to be so considered, and as defendant carried the burden of proof to show that the plaintiff, who had the right of way, had not exercised due caution in the face of an obvious danger, we do not think that it can be said that evidence which may lead to the conclusion that a fact did or did not exist, is sufficient to establish the fact. Further, the evidence showing that plaintiff approached the intersection with his car under control and that he observed the cross street before entering the intersection, it is not to be presumed that he then cast aside precaution and proceeded in the face of danger, and we are of the opinion that the estimate of the distance made by him at that time is more reliable than the estimate of speed made by defendant as he became aware of the certainty of the collision.

The judgment is affirmed.