FISSE v. TOYE BROS. AUTO & TAXI-CAB CO. ET AL.

(April 21, 1930.  Opinion and Decree.)
(June 16, 1930.  Rehearing Refused.)

Weiss, Yarrut & Stich, of New Orleans, attorneys for plaintiff, appellee.

John P. Sullivan and David Sessler, of New Orleans, attorneys for Toye Bros. Auto & Taxicab Co., defendants, appellants.

Alex W. Swords, of New Orleans, attorney for Fred Roses.

WESTERFIELD, J. Plaintiff sues for damages for personal injuries sustained as a result of a collision between a taxicab and a Ford sedan, which happened on January 4, 1927, about 7:30 p. m., at the corner of North Claiborne avenue and Dumaine street in the city of New Orleans. She sued the owner of the taxicab and the driver of the Ford sedan, alleging that the accident was due to the concurrent negligence of the drivers of both vehicles.

The taxicab company defended upon the ground that the accident was solely due to the fault of its co-defendant, Fred Roses, the driver of the Ford sedan, and Fred Roses imputes all fault to the driver of the taxicab.

There was judgment below for $500 against both defendants, in solido, and both have appealed.

At the time of the accident, plaintiff was a passenger in the taxicab, which had been engaged by her for the purpose of transporting her father and sister from their residence, 2468 North Claiborne avenue, to the Hotel Dieu. It appears that plaintiff's father, August Fisse, was afflicted with diabetes and had been ordered by his physician, Dr. Danna, to the Hotel Dieu for treatment. He was accompanied by his two daughters, the plaintiff, Miss Hortense Fisse, and her sister, Ella, and all three were in the taxicab at the time of the accident.

When the taxicab reached the intersection of Dumaine and Claiborne it collided with the Ford sedan driven by the defendant Roses, the point of contact being near the left rear wheel of the taxicab and the right front bumper of the Ford. So far as the Ford is concerned, it sustained little damages, only a broken bumper, but the effect on the taxicab was severe. The cab turned over on its side and then on its top, and came to rest in an inverted position, with the wheels where the top should have been.

The driver of the taxicab is said to have been negligent in that he violated the traffic regulations by failing to stop at the intersection of Dumaine and North Claiborne avenue in compliance with a traffic sign printed on the pavement in large letters reading "Stop," and in the further respect that his speed was excessive and his car out of control. The **Ford** sedan admittedly entered the intersection on the river side of the roadway of Clai-

borne avenue, which is a wide street divided by a neutral ground, and crossed the neutral ground and proceeded into and across the lake side of the roadway, without having stopped on the neutral ground or blown its horn, in violation of article 1, section 7, of Traffic Ordinance No. 7490 C. C. S. Roses is also charged with having been guilty of excessive speed, in violation of article 2, paragraph 2, 7490 C. C. S.

As to the speed of the taxicab and its failure to observe the traffic sign, there is little contention and less doubt in our minds that the driver of this vehicle was at fault in this respect. The defendant taxicab company mainly relies upon its asserted right of way under section 7 of article 1 of the traffic law, which establishes a right of way in favor of vehicles traveling on boulevards and streets with car tracks over vehicles traveling on intersecting streets. Both Dumaine street and Claiborne avenue are right of way streets under the ordinance relied on, but, it is argued that, since the Ford sedan entered Claiborne avenue from the left, it should have given way to the taxicab which approached from the right.

"At intersections of right of way streets with one another, all vehicles approaching intersecting streets from the left shall give right of way to vehicles approaching from the right." Subdivision "C," Section 7, Article 1, 7490 C. C. S.

It is also said that Roses failed to comply with subdivision "D," section 7, article 1, 7490 C. C. S., which provides:

"(d) On Streets and Avenues having neutral grounds and carrying street car lines, vehicles crossing , such neutral grounds shall have right of way to complete the crossing of the roadway of such street or avenue under the following conditions:

"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that the vehicles standng on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."

In other words, the taxicab had the right of way and was justified in acting upon the assumption that the Ford sedan would respect its right of way and not otherwise violate the traffic law by entering the street from the neutral ground without coming to a full stop and blowing its horn. Middleton vs. Jordan, 10 La. App. 189, 120 So. 668; Brunson vs. Barnwell, 11 La. App. 663, 124 So. 564; Belden vs. Roberts, 3 La. App. 338.

This far we are in accord with the defendant taxicab company, and we find as a fact that the Ford sedan violated the traffic ordinance in both particulars and we also find that its disregard of the traffic ordinance was a contributing factor in the accident.

Resuming the consideration of the argument of counsel for the taxicab company, we will next consider the question of the taxicab's excessive speed. We have heretofore remarked our conviction that the driver of the taxicab was guilty in this regard, but it is said that the speed of the cab was not a contributing cause of the collision, citing Hudson vs. Jackson Brewing Company, 4 La. App. 549; Belden vs. Roberts, 3 La. App. 338; Smith vs. Interurban Transportation Company, 5 La. App. 704, and Teissier vs. Stewart, 11 La. App. 164, 121 So. 777. The cases cited are not in point for the reason that in the case

at bar the speed of the taxicab was a contributing cause of the accident. The driver of the cab had been cautioned by its occupants once or twice before he reached the scene of the accident about the rapidity with which he was driving, and he was admonished by the plaintiff in this case that her father was sick and being taken to a hospital. Notwithstanding these protests, he continued to drive very rapidly and crossed the intersection heedless of the traffic sign. If he had been going a little slower, and had stopped at the intersection, we are convinced that no accident would have occurred. The effect upon the taxicab of the slight blow which it must have received from the Ford sedan, which struck it near its rear wheel, is most persuasive of extraordinary speed, as we cannot understand why it should have been turned upside down by such a light contact unless its rapidity of movement was such that the least lateral force was sufficient to affect its equilibrium and disturb its center of gravity.

Our conclusion is that both defendants were guilty of negligence and each a contributing factor and proximate cause of the accident.

As to the quantum, the plaintiff, a young woman employed as a clerk in a department store, lost eight weeks' wages. She was paid $10 a week and commissions, which increased her income to about $17 per week. She lost some personal effects of small value, her dress and stockings were ruined, and she received a number of bruises and suffered from shock to her nervous system. She incurred a bill of $50 for medical services. The trial judge allowed $500, which we believe to be reasonable.

For the reasons assigned, the judgment appealed from is affirmed.