**ALLEN v. LOUISIANA CREAMERY, Inc., et al.**

**No. 1904.**

Court of Appeal of Louisiana. First Circuit.

Nov. 17, 1938.

396

Taylor, Porter & Brooks, of Baton Rouge, for appellants.

J. E. Huckabay and C. E. Fernandez, both of Baton Rouge, for appellee.

DORE, Judge.

The plaintiff as the father of his five year old child, Carolyn Allen, sues the Louisiana Creamery, Inc., its insurance carrier, The New Amsterdam Casualty Company, and James R. Hooper, the driver of a milk truck for the creamery company, for injuries received by the little Allen girl on April 2, 1937, when the child was struck and run over by a car driven by Mrs. J. R. Langlois on Jackson Avenue in the City of Baton Rouge. The amount claimed by the father in his own behalf is for expenses incurred by him in treating the child totaling $410.26, and the sum of $18,250 for the injuries suffered by the child. Judgment was rendered in favor of the father in his individual capacity for the amount claimed, and in favor of the child in the sum of $2,500. The defendants have appealed, and plaintiff has answered the appeal and asked that the amount awarded the child be increased to the sum of $7,750.

The petition contains fifty-two articles in which all the details are set forth in showing negligence on the part of the driver of the creamery truck as the proximate cause of the unfortunate accident. Condensed into their essential elements these acts of negligence on the part of the truck driver consisted in the fact that he parked his truck on the left side of Jackson Avenue, facing west, while he delivered some milk to a customer on that side of the avenue; that the Allen child and a little companion came up to the parked truck to get some cracked ice as had been their custom (the Allen child living across the avenue on the north side); that when the driver came back to the truck, he put it in motion on the left side of the street when Mrs. Langlois was approaching in front of him from the west about 100 feet away at about 15 miles per hour; that the driver of the truck on seeing the approach of the Langlois car turned the truck sharply to the right; that Mrs. Langlois centered her attention on the approaching truck being driven on its left side of the road, and in order to avoid striking the truck, Mrs. Langlois pulled her car to the left side of the avenue; that about the time the truck driver pulled the truck to the right in front of the approaching Langlois car, the little girl started across the street from the south side where she and her companion were standing behind the truck toward the

northwest; that the little girl was struck by the Langlois car about 5 feet from the north side of the avenue; that Mrs. Langlois did not see the child running across the street in front of her car until the child was within 3 or 4 feet of the front of·her car.

It is the contention of the plaintiff that the acts of negligence on the part of. the truck driver in parking his truck on the wrong side of the street, in setting the truck in motion on that side of the street and pulling the truck toward the right in the ·face of the oncoming Langlois car, created an emergency by reason of which Mrs. Langlois was forced to her left side of the road and was compelled to center her attention on the approaching truck, and for that reason was unable to see the child as she ran from behind the truck on the south side of the avenue and attempted to cross the street in front of the car.

Defendants deny that the truck driver was guilty of any negligence, and they allege that the accident was caused by the negligence of Mrs. Langlois and the child; and in the alternative, they allege that if the driver was guilty of any negligence in the operation of the truck, the accident was occasioned in part by the negligence of the child in attempting to cross the street in the path of the Langlois car, which negligence is a bar to the right of plaintiff to recover in his own behalf and on behalf of the minor child; that plaintiff was grossly negligent in leaving his minor daughter unattended on said street, which negligence is pleaded in bar of plaintiff's right of recovery.

There is no question that the truck driver parked his milk truck on the left side of the street while he delivered milk to a customer; that when he returned to the truck the two little girls were in or on the truck and he gave them some ice as he had done on several previous occasions, and the children then got down on the side of the truck.

According to Hooper, he started the motor of the truck and moved up about one-half the length of the truck when the Allen child started around the front of the truck (which was sufficient to put him on guard that the child intended to cross the street to her home); Hooper stopped the truck, and the child went to the rear of the truck and stood on a bridge across a driveway with the other little girl. He then started up his truck again slowly and saw

the Langlois car coming about 100 feet away; he drove along the left side of the street not over 10 or 12 miles per hour, and did not pull his truck to the right before he passed Mrs. Langlois; he passed Mrs. Langlois after he had gone about 15 feet and then pulled over to the right and as he had gotten about in the middle of the street he heard the thud caused by the Langlois car striking the child. The important part of his testimony is that he had started his truck in motion and was traveling slowly along the left side of the street, facing oncoming traffic, and had gone about 15 feet when he passed the Langlois car which was slightly to the north of the center of the street.

In our opinion, the testimony of Hooper himself shows that he was guilty of negligence in violating a city ordinance prohibiting the parking of a car on the left side of the street and in driving his truck along the left side in the face of oncoming traffic. Lacy v. Lucky et al., 19 La.App. 743, 140 So. 857.

The serious question in the case is whether or not this negligence was a proximate cause of the accident—i. e., whether or not the negligence of Hooper in driving along the left side of the street facing the oncoming car of Mrs. Langlois was a material element or substantial factor in causing Mrs. Langlois to fail to see the child in time to stop her car, in causing the child to leave its place of safety and attempt to run across the street behind the truck and in causing Mrs. Langlois to be on her wrong side of the street at the point of the accident—all to the knowledge of Hooper, who knew that the child intended to cross the street, and who must have had a mental picture thereof. No general rule can be formulated as to when an act or series of acts may be said to be the proximate cause of an accident. Each case must depend on its own peculiar facts and circumstances.

The proximate cause is the efficient cause—the cause that sets other acts in motion that produce the accident without an intervening and independent agency. If the only negligence of which Hooper was guilty was the illegal parking of his truck on the left side of the street, and the child had run suddenly from behind the truck into the path of the oncoming Langlois car, such negligent parking alone would not in such a case be the proximate cause of the accident, as it is obvious that the

child could just as well run from in front of the truck parked the proper way, and suddenly rush in front of the oncoming car.

This very point is discussed in Section 2532, page 344, Blashfield Cyclopedia of Automobile Law and Practice, Permanent Ed., vol. 4, the last paragraph of this section reading as follows:

"On the other hand, under the rule that a negligent act cannot be found to be a proximate cause unless the injury would not have happened but for such negligence, the illegal parking of a truck on the left-hand side of the street is not the proximate cause of a collision between a child who came out from behind the truck and collided with another automobile, on the theory that the accident would not have happened except for the obstruction of vision of the driver of the automobile by the truck, where it appears that the stationary truck would have been as great an obstacle to the vision of the child and of the other driver if it had been heading in the other direction, so that its parking would have been lawful. Such illegal parking was only an obstruction to the vision which imposed upon the child and the driver of the other car an added duty to exercise care."

But in the present case, the truck driver is charged with more than leaving his truck parked on the wrong side of the street. He is shown to have been driving slowly along the left side of the street facing the oncoming car. Mrs. Langlois says the truck was being pulled to the right —toward her left side of the road—as she approached and this action of the truck caused her to center her attention on the truck moving toward her, and caused her to pull her car further to the left to avoid the truck. Regardless of whether or not the truck was pulling over to its right as it proceeded along the left side of the street, its action was calculated to draw the attention of the driver of an approaching car, and thus to render the driver less able to observe the way ahead.

Granting that the truck had moved forward fifteen feet on its left side of the street when it passed the Langlois car, it is obvious that the child must have started across the street about the time the truck began to move forward. The child was struck within six or eight feet from the north side and must have gone some fifteen feet after leaving the bridge on the south side; in other words, she went about as far and

about as fast as the truck from the point where it started to when it passed the Langlois car. The Langlois car was not going fast—around fifteen miles per hour. Mrs. Langlois says she first saw the child just as her car cleared the back of the truck and the child was then three or four feet from the front of her car. If she passed the truck fifteen or twenty feet from where she struck the child, it would seem that she could have seen the child before it was within three or four feet of her car. But we are not concerned with the negligence of Mrs. Langlois, if any, except as it may have been a concurring act with that of the truck driver in bringing about the accident.

█ There may be more than one proximate cause of an injury, and if the defendant is responsible for any one of them, he cannot escape liability because a third person is responsible for a concurrent proximate cause. Blashfield Cyclopedia of Automobile Law and Practice, Permanent Ed., Vol. 4, pp. 360–364, §§ 2551 and 2552.

█ While it is negligence to drive a motor vehicle on the left side of the road, yet such negligence will not render the person so driving liable, unless it appears that the negligent driving had some causal connection with the accident. Blashfield, supra, Vol. 4, p. 384, § 2591. But we think in this case the fact that Hooper was driving his truck slowly along the left side of the street just as he left this child in the rear of his truck, and the fact that the approach of the truck on the wrong side of the street caused Mrs. Langlois to leave her proper side of the street and give her attention to the movements of the truck, had some causal connection with her failure to see the child soon enough to stop her car. The movement of the truck toward Mrs. Langlois on its wrong side of the street not only gave encouragement to the child to attempt to cross the street toward her home just as the truck began moving off, but this movement of the truck caused Mrs. Langlois to be on her wrong side of the street and in a position where she could not be as observant of the way ahead as she would have been had she been on her side of the street with no unusual situation to divert her attention.

The trial judge correctly held the defendants liable for the injury to the child. The only remaining question is the amount of the judgment.

There seems to be no dispute as to the correctness of the amount awarded the plaintiff individually for expenses on account of the treatment of the child. The little girl suffered a comminuted fracture of the left femur. Her leg was kept in a cast for about two months. It is the opinion of the doctor who treated her that the child had a fracture at the base of the skull. There was considerable bleeding from the canal of the ear, and the ear drum was punctured near the fracture line. The child also suffered a concussion of the brain, minor bruises and cuts, but none of these was very serious. At the time of the trial, the child was completely recovered, and no signs of the injury remained, except a small scar on her ear about one-half inch long which is covered by the hair line. We see no reason to increase the award, as $2,500 for all the injuries seems ample. The judgment, being correct, is affirmed.