AYRES, Judge.
In this action plaintiff seeks to recover from the defendant, Gilmore, and his insurer damages in the sum of $270.57 allegedly sustained to his Chevrolet automobile in a collision with another Chevrolet car driven and operated at the time by the defendant, Gilmore. From a judgment in plaintiff’s favor as prayed for, the defendants appealed.
The accident occurred at the intersection of plaintiff’s driveway with the Van-cil Road in Ouachita Parish, Louisiana. This road is a parish gravel highway having a width generally of 16 to 18 feet and at this intersection of approximately 21 feet. The road runs in a generally north and south course, the driveway intersecting the road from the east on top of a hill. The roadside was overgrown with tall weeds about the height' of a car. The accident occurred in daylight about 3:20 o’clock p. m. August 15, 1955. The roadway was dry and there were no unusual atmospheric conditions and no obstructions to view other than the weeds growing alongside the highway.
Plaintiff alleged that on said date and occasion, he drove down his driveway, accompanied by his 14 year old daughter, toward, and with the intention of entering, the highway; that on reaching the intersection he stopped and looked south, or to his left, to ascertain if there was any traffic approaching from that direction when his daughter gave warning of the approach of a car driven by defendant Gilmore from the north and of the impending crash. Plaintiff claims he had only reached the roadside ditch culvert under the approach to his driveway with his front wheels, with the bumper projecting possibly a foot and a half into the road, when the collision occurred.
Gilmore was driving an automobile of T. J. McCoy and was accompanied by Mrs. McCoy, riding on the front seat with him, and her son, Charles McCoy, aged 13, on the rear seat. Gilmore was driving in a southerly direction on the Vancil Road and his lane of travel was the west lane of said highway and across the highway from *462 plaintiff’s driveway where plaintiff had stopped his car. Gilmore claims that he was driving in the center of the road and, as he neared the Wilhite driveway, plaintiff drpve out'five or six feet into the road in front of him and that he did not see plaintiff’s car until the cars were about three feet apart.
Plaintiff contends that the sole, proximate cause of the accident was Gilmore’s negligence, in -driving on the wrong side of the road -and his carelessness in running into'his car. Defendants deny that Gilmore was negligent • and contend that plaintiff’s negligence in driving out into ■ the highway in front of Gilmore, without stopping and looking, was- the sole cause of the ac-. cident. - In the alternative, in said respects, plaintiff was charged with contributory negligence-'barring .his recovery.
The evidence discloses that the left' front fender of the Gilmore car struck and damaged the right bumper, light, radiator ' and. right- front . fen.der of plaintiff’s car. We conclude, too, from the evidence that plaintiff had stopped his car prior to the collision. He so testified and Gilmore was unable to say positively that plaintiff’s car was in motion. We are also convinced .that plaintiff’s car had only reached the edge of the highway, as he testified, and not five or- six feet out into the road, as claimed by defendant. The .location of ., the debris as found by the two in-. vestigating state troopers supports- plaintiff’s contention in this respect. Both officers testified that the Gilmore car skidded approximately 25 feet on its left, or wrong, sid’e pf'the-highway and - into plaintiff’s car. Additionally, both testified that Gilmore, in recounting the occurrence to them, stated that when he applied his brakes, the brake on the left front wheel' “grabbed’-’, causing his' car to swerve, to the left arid- to run into plaintiff’s car. After reviewing the evidence adduced upon the trial before him, the -trial judge concluded:
“Considering all the testimony as a whole, the court is of the opinion that' Mr. Gilmore was driving down his left or easterly ' side of Vancil road and that the Wilhite car was stationary and that Gilmore failed to keep a proper lookout and struck the left (right) front of the plaintiff’s car. The proximate cause of the accident was defendant’s negligence, the court failing to find that plaintiff was negligent.”
From our review and appreciation of the evidence, we are convinced that the conclusions reached by the learned trial judge are eminently correct. Under the facts and circumstances disclosed by the record, of a certainty, no manifest error appears.
The rules of the road require drivers of vehicles to drive on the right half of the road except when overtaking and passing other vehicles. LSA-R.S. 32:231. Ashey v. Kolb, La.App., 9 So.2d 865. Where a motorist drives upon the left, or wrong, side of the road and such fact has causal connection with an accident resulting therefrom, such constitutes negligence. Lacy v. Lucky, 19 La.App. 743, 140 So. 857; Allen v. Louisiana Creamery, La.App., 184 So. 395. That defendant Gilmore’s action, in driving on the left side of the-highway and in not keeping a proper lookout . and running into plaintiff’s car stopped at the entrance to his driveway, constitutes gross negligence for which he and his insurer should respond for the damages caused admits of no serious contrary contention.
Accordingly, the judgment appealed is, affirmed at appellants’ cost.
Affirmed.