McBride, judge.
Robert A. Norred and his partial sub-rogee, Emmco Insurance Company, brought this suit against The California Company for the recovery of $159.10, representing the amount of damages sustained by Norred’s automobile in a collision with an automobile owned by defendant, which occurred on the morning of March 19, 1956, at the point where St. Joseph Lane intersects and merges into Fourth Street in the Town of Harvey, Parish of Jefferson. The negligence charged against the operator of defendant’s automobile is failure to keep a proper lookout and to have his vehicle under proper control.
In answer The California Company denied any negligence on the part of its driver, and, in the alternative, pleaded the contributory negligence of Norred as a defense, one of the specific charges being that Norred was driving his automobile on the wrong side of the road. The defendant then assumed the position of plaintiff in reconvention and prayed for a judgment against Norred for the damage sustained by its car in the accident.
After a trial on the merits in the lower court plaintiffs recovered judgment against defendant as prayed for; no disposition of the reconventional demand was made. Defendant appealed.
Fourth Street in Harvey roughly parallels the course of the Mississippi River, accommodates a two-way vehicular movement, and runs generally in an east-west direction. The surface of its two traffic lanes is composed of concrete, and adjoining the westbound lane is a blacktopped shoulder of sufficient width to permit an automobile to travel thereon. St. Joseph Lane, which runs in a north-south direction, merges into Fourth Street which it meets at a right angle.
Norred’s car, traveling westward, was a link in a line of vehicles which had been forced to come to a halt as a result of the opening of the bridge spanning the Harvey Canal, and Norred states he remained in the stationary line of cars for a period of about ten minutes. Gunther, the driver of defendant’s car was proceeding northward on St. Joseph Lane, and his intent was to turn left into Fourth Street and then travel westwardly. To do this, Gunther would have to cross the afore-mentioned blacktopped shoulder, then the eastbound roadway of Fourth Street, and then make the left turn. Everyone agrees that upon reaching Fourth Street, Gunther brought his car to a complete stop, and his testimony is that he remained in such stopped position for several minutes awaiting a favorable opportunity to enter the westbound roadway when the stationary vehicles had moved along. Gunther made no forward movement until after the bridge was closed when he perceived a break in the westbound line of traffic into which he thought he could maneuver his car. He moved forward out onto the blaclc-topped shoulder of Fourth Street and then it was that the Norred car, which was moving westwardly and came from Gunther’s right, struck his right front fender.
Norred states it was his design to drive into an automobile service station situated on the southwest corner formed by Fourth Street and St. Joseph Lane, and frankly admits he left the westbound line of *630 traffic when his car was about 25 feet before reaching' St. Joseph Lane and attempted a “short cut” to the service station by driving diagonally across both the eastbound lane and the black-topped shoulder, striking defendant’s vehicle as it emerged from St. Joseph Lane onto the shoulder.
The trial judge absolved Norred from any negligence and finally concluded that the sole and proximate cause of the collision was the negligence of Gunther in entering Fourth Street “without looking carefully both ways,” which he should have done, because of the confusion caused by the stoppage of traffic resulting from the opening of the bridge, and also in stopping in such a position that his view to the right was obliterated by the presence of an automobile parked alongside the roadway.
The holding of our brother below that Norred was free from fault was manifest error. Disregarding Gunther’s statement, which received some corroboration from a disinterested spectator named McKinney, that Norred was driving westwardly along the black-topped shoulder and not diagonally across it, it is apparent that Norred was driving westwardly on the left or wrong side of the highway. His said action constituted negligence and directly violated the terms of LSA-R.S. 32:231, which provides that the driver of a vehicle shall drive it upon the right half of the highway.
Norred’s proper course of conduct should have been to remain in the line of cars until he reached St. Joseph Lane and then turn left and proceed to the service station. Instead of doing this, he attempted the short cut in contravention of LSA-R.S. 32:235, subd. B, which provides that a driver intending to make a turn to the left shall approach the intersection in the lane for traffic to the right of and nearest the center line of the highway and in turning shall pass beyond the center of the intersection.
Norred’s driving upon the left or wrong side of the road was one of the proximate causes of the accident and such, under the circumstances, constitutes negligence. Wilhite v. Gilmore, La.App., 91 So.2d 461; Allen v. Louisiana Creamery, Inc., La.App., 184 So. 395; Lacy v. Lucky, 19 La.App. 743, 140 So. 857; Armour & Co., Limited v. Hicks Co., Limited, 18 La.App. 504, 138 So. 676; Teissier v. Stewart, 11 La.App. 164, 121 So. 777. He was also grossly at fault in attempting the short cut to the service station. The courts of this state have invariably held that the cutting of a corner in such a manner constitutes actionable negligence. Adams v. Golson, 187 La. 363, 174 So. 876; Abel v. Gulf Refining Co., La.App., 138 So. 708; Armour & Co., Limited v. Hicks Co., Limited, supra.
We agree with the trial judge that Gunther was negligent in driving onto the black-topped shoulder of Fourth Street without first ascertaining whether it was safe to do so. It is true Norred was approaching St. Joseph Lane on the wrong side of the highway, but no excuse can be found for Gunther’s failure to notice the approaching car. A two-way traffic movement takes place on Fourth Street, and it was Gunther’s duty to look in both directions before attempting to emerge into Fourth Street, the matter of looking to the right being of as much importance as looking to the left. He looked to the left but not to the right, and had he done so as a prudent man would, he could and would have observed the oncoming Norred car. It also appears from his testimony that he stopped at a point where his view to the right was entirely obliterated by virtue of the car parked off the road, but had he moved his automobile but a few feet either forward or backward, he would have had an unobstructed view of traffic conditions to his right.
Therefore, we hold both drivers guilty of gross negligence, and must comment that the accident would never have happened had either one exercised ordinary care.
*631 Gunther is an employee of The California Company, but the issue is raised whether he at the time of the accident was operating the car during the scope and course of his employment. It may be that if Gunther was not operating the vehicle within the scope and course of his employment, The California Company may be able to recover from Norred on its reconven-tional demand irrespective of Gunther’s negligence.
We have read the only testimony in the record touching the point whether Gunther was acting during the scope and course of his employment, and this testimony emanates from Gunther himself, and we find therefrom that he, as an employee of The California Company, is “on call” for twenty-four hours a day and always has possession of defendant’s automobile for use for the employer’s service. After leaving the job in the evening, Gunther takes the automobile to his home in case of a night call and then returns the vehicle to the job site the next morning where he uses it during the daytime. He was on his way to work at the time the collision occurred.
We believe under these circumstances Gunther can be said to have been acting for the purposes of the employer and in furtherance of the employer’s business, and hence squarely within the scope and course of his employment.
Each case involving the issue whether the driver of a motor vehicle who is in the general employ of another was or was not acting within the scope of his employment at the time of an accident must be decided largely upon its own facts. For example, it has been held that a delivery boy riding a bicycle belonging to his employer on his way to lunch where the trip was not made for the service of the employer was not acting within the course or scope of his employment. Cado v. Many, La.App., 180 So. 185; Whittington v. Western Union Tel. Co., Inc., La.App., 1 So.2d 327. In Duffy v. Hickey, 151 La. 274, 91 So. 733, the employer was held liable for the negligence in the operation of an automobile by an employee where the vehicle was being used in order to enable the employee to reach his employer’s place of business more quickly. It was held in Hardware Mutual Casualty Co. v. Standard Coffee Co., Inc., La.App., 2 So.2d 89, that the employer was not liable as it had no control over the means by which the employee traveled from place to place, and it was not shown that the use of the automobile was indispensable in the conduct of the employer’s business. We held in McAllister v. Jackson Brewing Co., La.App., 6 So.2d 179, that the employer was liable on the basis that the employee was required to use his own car in company business, the accident having occurred while he was on his way to a sales meeting which he had been ordered to attend.
The automobile belonging to The California Company, which was required to be used at all times of the day and night when Gunther was “on call,” was an indispensable and integral part of the employer’s business, and the fact that Gunther was driving it from his home to his day job where the automobile was to be used in the employer’s service distinguishes the instant case from one wherein an employee who is merely going to and from his place of employment by means of a conveyance provided by the employer is not considered as acting within the scope of his employment.
Gunther’s negligence must be imputed to The California Company, and the latter is barred from a recovery for its damage in reconvention.
For the assigned reasons, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that both demands, main and reconventional, be dismissed, each party to bear his own costs; plaintiffs are condemned to pay the costs of this appeal.
Reversed.