195 So.2d 444 (1967)
LESON CHEVROLET COMPANY, Inc. and Donald R. Trapp
v.
The PHOENIX INSURANCE COMPANY OF HARTFORD.
No. 2490.
Court of Appeal of Louisiana, Fourth Circuit.
February 13, 1967.
Rehearing Denied March 6, 1967.
*445 Morphy, Freeman & Batt, A. D. Freeman, Jr., New Orleans, for plaintiffs and appellants.
Porteous & Johnson, William A. Porteous, Jr., John J. Hainkel, Jr., and Christopher E. Lawler, New Orleans, for defendant and appellee.
Before SAMUEL, HALL, and JANVIER, JJ.
JANVIER, Judge.
This suit arose out of an automobile accident which occurred April 18, 1964 at 2:15 p. m. at the intersection of Eighth and Fried Streets in Gretna, Louisiana. The following facts are undisputed: that the intersection is a blind, uncontrolled one; that Alexander Caffery, Defendant's insured, was driving east on Eighth Street and that Donald Trapp, an employee of Plaintiff Leson Chevrolet Company, was driving south on Fried Street operating an automobile owned by Leson Chevrolet Company; and that Caffery's car was approaching from the right when it struck the automobile operated by Trapp in the intersection.
Trapp testified that he approached the intersection at approximately 15 miles per hour; did not diminish his speed as he approached it; that he looked to his right when he was about 20 to 25 feet from the corner, but failed to look to his right again before the impact occurred. Caffery testified he was traveling at approximately 20 miles per hour with his foot on the brake, and that he did not see the Trapp vehicle until he was about 20 or 25 feet from the intersection at which time he applied his brakes.
Both Trapp and Leson Chevrolet Company sued the Defendant insurance company: Trapp for his personal injuries and Leson Chevrolet for $2,200 damage to its car. The Trial Judge dismissed the claims of both Plaintiffs who took this appeal. However, in oral argument before *446 this court, counsel for Plaintiffs abandoned the appeal on behalf of Trapp. There is no question that Trapp was negligent as Caffery, approaching from the right, had the right-of-way in spite of the fact that he was approaching a blind intersection and Trapp failed to yield the right-of-way. Thibodeaux v. Travelers, indemnity Co., La.App., 131 So.2d 345; Allen v. State Farm Mutual Automobile Insurance Co., La.App., 120 So.2d 372; Stevens v. Delanoix, La.App., 96 So.2d 844. (Each of the cited cases involved a blind intersection and directional right-of-way.)
However, on appeal Leson Chevrolet Company contends that it is entitled to recover in spite of the negligence of Trapp because (1) Caffery was also negligent and (2) because he was not in the course and scope of his employment, the negligence of Trapp is not imputable to it.
We pretermit the question of Caffery's negligence because we conclude Trapp was in the course and scope of his employment with Leson Chevrolet and hence his negligence is imputable to it, and therefore Leson Chevrolet can not recover. Grain Dealers Mutual Insurance Co. v. Texas & P.R. Co., La.App., 145 So.2d 342; Emmco Insurance Company v. California Company, La.App., 101 So.2d 628.
With regard to the course and scope of employment Trapp testified he is assistant general manager for Leson Chevrolet; has two company cars, one for business and one for personal use. In connection with the car he was using at the time of the accident, he testified as follows:
"Q. You used this [automobile involved in the accident] for nine months already yourself; isn't that right?
"A. As a company demonstrator, right.
"Q. You used it for personal use?
"A. No, I have another car for personal use, this is the company car."
When asked his destination at the time of the accident, he answered as follows:
"Q. What was your destination?
"A. I had no particular destination. I could have been stopping at home or stopped at a number of business places. I didn't have any particular place in mind." (Emphasis added.)
The jurisprudence is to the effect that where an employee is driving his employer's vehicle at the time of the accident, the presumption arises that the employee was within the scope of his employment and the burden is on the employer to rebut the presumption. Raney v. McDaniel, La.App., 165 So.2d 593; Culver v. Toye Bros. Yellow Cab Co., La.App., 26 So.2d 296; Hunt v. Chisholm, La.App., 183 So. 132; Brown v. Indemnity Ins. Co. of North America, La.App., 178 So. 768; Middleton v. Humble, La.App., 172 So. 542; Johnson v. Jim Brownlee, Inc., 13 La.App. 86, 127 So. 127.
Moreover, Defendant need not rely on this presumption alone, because Trapp admitted he was in a company car he used only for business during the afternoon of a workday (Tuesday), and may have had some business stops to make. Thus Defendant established, without the presumption, a prima facie case that Trapp was in the course and scope of his employment. The record contains no evidence to rebut this conclusion.
For the above reasons the judgment appealed from is affirmed; Plaintiffs to pay all costs in both courts.
Judgment affirmed.