CHASEZ, Judge.
Defendant-appellant, Julia W. Costa, appeals from a judgment rendered against her in First City Court of New Orleans which found her negligence to be the sole cause of the automobile accident which occasioned the lawsuit. There were no personal injuries and the property damages to plaintiff-appellee, Warren E. Mouledoux’s automobile was in the amount of $456.23. The judgment also rejected defendant’s re-conventional demand filed against Moule-doux.
The accident occurred on November 20, 1969 at approximately 9:10 A.M. in the uptown area of New Orleans. Plaintiff’s son, Warren E. Mouledoux, Jr., a minor, was driving his father’s automobile and was proceeding on Calhoun Street, a one-way street, in the direction of the Mississippi River. Defendant, Costa, was proceeding in an uptown direction on Magnolia Street.
The intersection of Calhoun and Magnolia is an uncontrolled intersection. Calhoun is twenty-eight feet wide, Magnolia is twenty-two feet wide, this according to the police report which was stipulated into evidence. The Mouledoux vehicle was approaching from the right and had the general right of way in accordance with LSA-R.S. 32:121(B) and Section 38-133 (b) of the Code of the City of New Orleans.
Mrs. Costa testified that she proceeded up Magnolia and it was her intention to cross Calhoun. She slowed down to around ten miles per hour and looked to the right down Calhoun. She stated, “I didn’t see anyone. And I started on across. The next thing I knew, I was hit. * * * ff
Warren Mouledoux testified that he was proceeding along Calhoun at approximately twenty-five miles per hour. He stated that he saw the car coming out from his left and he hit the brakes and swerved to the right, but it was to no avail.
LSA-R.S. 32:121(B) provides in pertinent part:
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver *808 of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Cases interpreting this provision have held that when a motorist, who is approaching an uncontrolled intersection from the right then has the right-of-way the driver on the left is under a legal duty to stop or reduce speed in order to allow the other driver to pass through the intersection first. Gulotta v. Toups, La. App., 183 So.2d 383 (4th Cir. 1966). This is true even if the intersection is considered a blind intersection, Leson Chevrolet Co. v. Phoenix Insurance Co., La.App., 195 So.2d 444 (4th Cir. 1967), which negates allegations that the intersection was blind and that Mouledoux was negligent for not greatly reducing his speed when approaching it.
From the diagram on the police report, the accident occurred in the center of the intersection. Considering the speeds of the two vehicles, it is obvious that had Moule-doux not applied his brakes the vehicles would have reached the intersection at the same moment. There is no evidence that Mouledoux was exceeding the speed limit.
Although there were no written reasons the trial judge evidently considered the negligence of Mrs. Costa to be the sole cause of the accident. Since this was a determination of fact, it is entitled to great weight and will not be disturbed unless manifestly erroneous. We have discovered no error which would warrant a reversal of the disposition made of the case by the trial judge.
For the assigned reasons, the judgment in favor of plaintiff, Warren E. Moule-.doux, against defendant, Julia W. Costa in the amount of $456.23 with legal interest from date of judicial demand and for all costs, and, rejecting the reconventional demand filed by Julia W. Costa at her cost, is affirmed.
Affirmed.