GULOTTA, Judge.
This suit involves a claim for damages to a truck as well as loss of income from its use as a result of an accident which occurred while the vehicle was being driven by an employee of plaintiff.
Thomas W. Geeck, Sr., doing business as Thomas Geeck Truck Service, filed suit against Jahncke Service, Inc., a contractor, hereinafter referred to as Jahncke, and Employers Liability Assurance Corporation, its insurer, as well as against Bien-venue Harber, Inc., and Marinas, Inc., owners of a seaway marina under construction, hereinafter referred to as Marina, and their insurer, the Insurance Company of North America.
The original claim included Mark C. Smith and Sons, Inc., as defendant. However, at the outset of the proceedings, plaintiff voluntarily by oral motion dismissed his claim against this defendant.
Marina and its insurer filed a third-party demand against Jahncke. Jahncke and its insurer filed a reconventional demand and third-partied Marina and its insurer. The trial court ruled in favor of defendants dismissing plaintiff’s suit at plaintiff’s cost and rejected both third party demands at third party plaintiffs’ costs.
The facts are that Paul Melcher, an employee of the plaintiff, was driving a tandem dump' truck on Louisiana State Highway No. 47, commonly known as Paris Road, at approximately 12:00 Noon on January 22, 1969, going in an easterly or northeasterly direction toward Lake Pon-chartrain in St. Bernard Parish.
At that time, Marina and Jahncke had under construction, pursuant to a written contract, a seaway marina. The marina was being constructed approximately 1,000 feet[1] off Paris Road. In connection with the marina, a mud ramp or road from Paris Road across a ditch and over an adjacent road bed to the marina site was being constructed. At the point where the ramp or road connected with Paris Road, there was an accumulation of water resulting from rain that had occurred earlier on the same day of the accident which covered the road approximately to the center line. The evidence indicated that there were also large potholes in the highway in the particular area of the ramp.
The driver of the truck was proceeding at a speed of approximately 35 or 40 miles per hour, which was within the speed limit,[2] however, which was also the maximum capable speed of the vehicle. When he reached the flooded area of the highway at the entrance to the mud ramp, mud and water was sprayed on the windshield of the truck, completely covering the windshield and blinding the view of the driver, thus causing the truck to go out of control, off the right side of the highway onto the soft shoulder. The truck slid for approximately 150 feet on the shoulder, whereupon it struck a telephone pole, turned over on its left side, and then slid for approximately another 150 feet. The driver of the damaged truck testified that the mud and water covering his windshield was caused by a splash from his vehicle as it hit the mud puddle as well as from an oncoming truck approaching from the opposite direction which passed him at the point where the highway was flooded.
*243 Plaintiff contends that the accident and damage to his truck was caused by the negligence of the defendants in failing to place a drainage culvert underneath the entrance way or mud ramp which omission prevented drainage from flowing along the. ditch adjacent to Paris Road thereby resulting in the flooding of the road at the entrance to the mud ramp and also resulting in the creation of large potholes in the road.
Defendants contend that the flooding condition of the road and the potholes in the road were not the sole and proximate cause of the accident but rather that the excessive and dangerous rate of speed that the driver of the truck was traveling was the proximate cause.
While both Jahncke and Marina are in dispute as to whose responsibility it was to construct the ramp, this question is of no importance here. Assuming, but not deciding that Jahncke or Marina or both were negligent in failing to place a drainage culvert under the mud ramp resulting in flooding and potholes; nevertheless, the negligence of plaintiff’s employee ; i. e., the truck driver, acting in the scope of his employment constitutes contributory negligence.
The evidence is that Melcher, the driver of the plaintiff’s vehicle, was traveling a fully loaded tandem truck at the maximum capable rate of speed of the vehicle and approached and entered the flooded area at an excessive rate of speed (35 or 40 miles per hour was excessive in light of the hazardous condition of the road). The surrounding facts further reveal the risk the driver took. He knew of the road’s condition not only because it was plainly visible to him but also because he had traveled the same on two prior occasions on the morning of the accident. Paris Road is a 24 foot wide street and oncoming vehicles were approaching as the truck proceeded at this rate. Evidence revealed that the width of each truck is eight feet ten inches with an extended mirror, and that, when passing another truck going in the opposite direction, the right rear tandem wheel comes to the immediate edge of the road. Additional evidence on the condition of the highway at the time and of the soft slippery shoulder leads us to believe that the manner of operation of the vehicle by Melcher was not only negligent but foolhardy, and was clearly a proximate cause of the accident.
While the truck driver contends that he was driving within the speed limit, merely because a highway has a posted maximum speed of 45 miles per hour or 70 miles per hour, does not afford one the right to drive at that rate of speed regardless of the conditions of the highway and traffic ahead of him.
Since we have decided that the negligent operation of the vehicle by Melcher constitutes contributory negligence and his action was the proximate cause of the accident, the remaining question posed for our consideration herein is whether his negligence as an employee of plaintiff bars Geeck’s right to recovery as against Jahncke or Marina. Melcher was acting in the course and scope of his employment as a truck driver for plaintiff at the time of the accident. The doctrine is well established that the negligence of an employee while acting in the scope of his employment is imputed to his employer. Emmco Insurance Company v. California Company, 101 So.2d 628 (Orl., La.App.1958); Leson Chevrolet Company v. Phoenix Insurance Co., 195 So.2d 444 (La.App. 4th Cir. 1967); Grain Dealers Mutual Insurance Co. v. Texas & P. R. Co., 145 So.2d 342 (La.App. 4th Cir. 1962); Walker v. Supreme Industrial Life Insurance Co., 169 So.2d 245 (La.App. 4th Cir. 1964); LSA-C.C. Art. 176. Thus Melcher’s negligence is imputed to plaintiff and the latter is hence barred from recovery for his damages.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs to be paid by plaintiff.
Affirmed.

. Testimony in this respect is contradictory and varies from 200 feet to 3,000 feet.

. The speed limit was 45 miles per hour for trucks on Paris Road.