HALL, Judge.
This suit arises out of a collision between a loaded pulpwood truck owned by plaintiff Roscoe Leonard and driven by plaintiff Ezekiel Leonard, and a tractor-trailer unit owned by defendant Red Ball Motor Freight, Inc., and driven by defendant Jessie L. Smith. Roscoe Leonard sued for property damage to the truck and incidental losses in connection therewith and Ezekiel Leonard sued for personal injuries and medical expenses sustained by him.
Defendants denied any negligence on their part and, alternatively, pled the accident was caused by the contributory negligence of Ezekiel Leonard, thereby barring recovery by both Ezekiel Leonard and his employer, Roscoe Leonard.
For oral reasons transcribed at the conclusion of the trial, the district court found the defendant driver free from negligence and further found the accident was caused by the negligence of the plaintiff driver. From a judgment rejecting plaintiffs’ demands plaintiffs appealed. We affirm the judgment of the district court.
The defendant Smith was driving the Red Ball tractor-trailer unit east on a blacktop highway in Jackson Parish, in *753 tending to make a delivery to the Lowe Manufacturing Company plant. In order to enter a driveway into the plant on the north side of the highway, Smith stopped his truck slightly past the driveway and proceeded to back the truck across the road into the driveway. After backing the trailer portion of the truck into the driveway, he found he was not getting sufficient traction and found it necessary to drive the truck forward in order to properly align the truck and trailer in the driveway. As he was commencing the forward maneuver, Ezekiel Leonard, driving the loaded pulpwood truck in a westerly direction, came over the crest of a hill at least 450 feet east of the driveway.
Smith testified he saw the pulpwood truck when it crested the hill and continued his forward movement in an effort to drive the tractor-trailer out of the driveway and back onto the eastbound lane of travel. At the time of impact, Smith had driven the unit to a point where the tractor and most of the trailer were in the eastbound lane of the highway but the rear end of the trailer extended approximately 4 feet over into the westbound lane. The left front of the oncoming pulpwood truck struck the left rear of the trailer, causing the pulpwood truck to overturn.
Ezekiel Leonard testified he saw the Red Ball truck blocking the highway as soon as he came over the crest of the hill at a speed of about 45 miles per hour. He applied his brakes which were in good working order, having been worked on some three or four weeks earlier. The brakes seemed to work properly, but he was unable to stop and struck the rear of the Red Ball trailer.
Both Smith and an eyewitness who was standing in front of the Lowe Manufacturing Company office testified the pulpwood truck seemed to slow down very little if any from the time it crested the hill until the impact. There were no visible skid marks.
The evidence establishes that the crest of the hill was in excess of 450 feet from the driveway and in excess of 400 feet from the point of impact some 56 feet easterly of the driveway. Expert testimony presented by Joseph Hamilton Barnwell, professor of mechanical engineering at Louisiana Tech University, disclosed that if the pulpwood truck had proper brakes as required by state law it could have been stopped 268 feet short of the point of impact.
Appellants contend Leonard was confronted with a sudden emergency and did all he could be expected to do to avoid the accident under the circumstances. Appellants further argue his brakes must have failed to some extent, which was beyond his control. The evidence does not support either contention.
Although it is true Leonard was confronted with the necessity of slowing down or stopping because of the presence of the Red Ball unit blocking the road, the distance of more than 400 feet at which the situation was first seen or should have been seen by Leonard was such that he could have and should have avoided the accident by slowing down or stopping. The evidence is that he could have readily done so by timely applying his brakes.
The evidence does not support the contention that the brakes failed. The brakes had recently been worked on, were in good working order immediately preceding the accident, and according to Leonard’s own testimony worked properly when he applied them after cresting the hill.
Leonard’s negligence in failing to effectively slow down or stop his truck within the considerable distance available to him in which to take such action constituted a legal cause of the accident. He is consequently barred from recovery regardless of whether or not the defendant driver was also negligent, making a consideration of the defendant driver’s negligence unnecessary to the decision of this appeal. As *754 Leonard was operating the vehicle in the course and scope of his employment, his employer is also barred from recovery. Neal v. Davenport, 270 So.2d 617 (La. App.2d Cir. 1972); Geeck v. Jahncke Service, Inc., 249 So.2d 241 (La.App. 4th Cir. 1971); Leson Chevrolet Company, Inc. v. The Phoenix Insurance Company of Hartford, 195 So.2d 444 (La.App. 4th Cir. 1967).
For the reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.